S. POWELL, P.J.
{¶ 1} Plaintiffs-appellants, Rachel Hodge and Danielle Arnold, appeal from the decision of the Warren County Court of Common Pleas, Probate Division, granting a declaratory judgment to defendants-appellees, Mark and Elvira Charnay. For the reasons outlined below, we affirm the decision of the probate court.[1]
{¶ 2} The present case arises from a complaint filed by appellants on March 31, 2016 and amended on April 15, 2016, in the general division of the Warren County Court of Common Pleas. The amended complaint alleged claims of breach of fiduciary duty and legal malpractice against Maureen Callinan, the administrator of the estate at issue, and a quiet title claim against appellees. On September 19, 2016, the general division transferred the case to the probate division. Appellees answered the amended complaint and filed a counterclaim against appellants, a cross-claim against Callinan, and a third-party complaint against the estate. The relevant underlying issues in this appeal concern the estate administration of decedent, Victoria Arnold ("Arnold's Estate").
{¶ 3} On August 18, 2013, Victoria Arnold died leaving three heirs, appellants and non-party, Sarah Schaeper. The sole asset in Arnold's Estate was a residence located in Warren County. Victoria owned an undivided one-half interest in the property and her brother, Dennis Brooks, owned the other one-half interest. Appellants allege Brooks hired Callinan as the attorney for Arnold's Estate without their knowledge or consent. Callinan was also the administrator of Arnold's Estate by appointment of the probate court.
{¶ 4} Appellants' amended complaint alleges that on or around December 1, 2014, Callinan listed the property for sale for $180,000 and cited Brooks as the only party having an ownership interest in the property. In support of the list price, Callinan submitted to the probate court the 2014 auditor's tax assessment. However, appellants assert that in January 2015 a newer assessment was completed, which valued the property at $176,110. Appellants'
*59 amended complaint alleges an offer for the property was made and accepted in December 2014, but the sale was not completed due to financing issues with the prospective purchaser. Appellants contend Callinan failed to communicate this information to them and that appellants discovered it online.
{¶ 5} In January 2015, appellees submitted an offer of $160,000, which Callinan accepted on behalf of Arnold's Estate. Appellants allege that despite their exhaustive efforts, they were unable to obtain information from Callinan regarding the sale and had to read the details of the sale online. Appellants further assert that in the time between acceptance of appellees' offer and the closing on February 26, 2015, other nearby properties sold for amounts between $197,000 and $226,000. Title to the property from Arnold's Estate transferred to appellees on the same date as closing. On March 13, 2015, the probate court approved the estate inventory, valuing the property at $163,060. Appellants did not object to the inventory.
{¶ 6} Appellants allege that beginning in April 2015, they had trouble communicating with Callinan regarding a final accounting for Arnold's Estate. Appellants further allege they visited Callinan's office on June 1, 2015 where "Callinan held their checks in the air and told them if they wanted the money they would need to sign consent forms [to sell the property] before she would disburse the funds." In turn, Brooks and appellants signed the consent forms to sell the property, which Callinan filed with the probate court the next day. Arnold's Estate distributed the net proceeds from the sale to the heirs. Following Callinan's filing of the final account, appellants filed exceptions to the final account. The probate court held hearings on the exceptions in November 2015 and February 2016, and scheduled a third hearing on May 2, 2016.
{¶ 7} On May 19, 2017, appellees moved for declaratory judgment to declare the rights of all parties as to their interests in the property appellees purchased from Arnold's Estate. On June 20, 2017, the probate court granted appellees' motion for declaratory judgment and entered a final appealable order.
{¶ 8} Appellants timely appealed the decision of the probate court.
{¶ 9} Assignment of Error No. 1:
{¶ 10} THE TRIAL COURT ERRED IN GRANTING DECLARATORY JUDGMENT TO APPELLEE MARK AND ELVIRA CHARNAY BECAUSE THE ESTATE WAS CLOSED, DEPRIVING THE COURT OF JURISDICTION TO RENDER DECLARATORY JUDGMENT.
{¶ 11} Appellants argue the filing of the final accounting by Callinan and the probate court's approval of Callinan's attorney fees establish that the decedent's estate was closed on August 12, 2015. Appellants further contend Appellees filed their action for declaratory judgment after this date; therefore, the probate court lacked jurisdiction to grant declaratory judgment in favor of appellees because the questions posed did not arise in the administration of a current estate.
{¶ 12} A probate court is a court of limited jurisdiction limited to actions permitted by statute and by the constitution. Corron v. Corron , 40 Ohio St.3d 75, 531 N.E.2d 708 (1988), paragraph one of the syllabus. Declaratory judgment actions provide "a means by which parties can eliminate uncertainty regarding their legal rights and obligations" and "may be filed for the purposes of deciding an actual controversy."
*60 Calvary Industries, Inc. v. Coral Chem. Co. , 12th Dist. Butler No. CA2016-12-233, 2017-Ohio-7279, 2017 WL 3588436, ¶ 12, citing Travelers Indemn. Co v. Cochrane , 155 Ohio St. 305, 98 N.E.2d 840 (1951). Courts liberally construe declaratory judgment statutes. Calvary at ¶ 12.
{¶ 13} Statutes that provide procedures for declaratory judgment do not extend the subject matter jurisdiction of a probate court, but rather, extend the power of the court to grant declaratory relief within its respective jurisdiction. Everhart v. Everhart (In re Estate of Everhart) , 12th Dist. Fayette Nos. CA2013-07-019 and CA201309026, 2014-Ohio-2476, 14 N.E.3d 438, ¶18, citing Ryan v. Tracy , 6 Ohio St.3d 363, 366, 453 N.E.2d 661 (1983). "In other words, declaratory judgment statutes provide an additional remedy which may be granted by a court but they do not extend the jurisdiction as to the subject matter upon which a court may act." Id.
{¶ 14} Pursuant to R.C. 2101.24(A)(1)(l), the probate court has exclusive jurisdiction "[t]o render declaratory judgments, including, but not limited to, those rendered pursuant to [R.C.] 2107.084." Under R.C. 2721.05(C), "[a]ny person interested as or through an * * * administrator, * * * in the administration * * * of the estate of a decedent * * * may have a declaration of rights or legal relations in respect thereto * * * [t]o determine any question arising in the administration of the estate * * *." Collectively, the statutes provide the probate court exclusive jurisdiction over declaratory judgment actions to determine any question arising out of the administration of an estate. Treadway v. Free Pentecostal Pater Ave. Church of God, Inc. , 12th Dist. Butler No. CA2007-05-139, 2008-Ohio-1663, 2008 WL 921606, ¶ 28.
{¶ 15} We review a trial court's decision regarding declaratory judgment actions for an abuse of discretion. Calvary at ¶ 13. An abuse of discretion is more than an error of law or judgment. Rather, it suggests the "trial court's decision was unreasonable, arbitrary or unconscionable." State v. Perkins , 12th Dist. Clinton No. CA2005-01-002, 2005-Ohio-6557, 2005 WL 3359153, ¶ 8. "A review under the abuse-of-discretion standard is a deferential review." State v. Morris , 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 14.
{¶ 16} Appellants contend the estate was no longer pending thereby divesting the probate court of jurisdiction because Callinan filed a final accounting and the probate court approved her attorney fees. In support of their assertion, appellants cite a Third District opinion holding a probate court only "ha[s] the power to declare rights and status and the legal relations of the parties interested as heirs, executors, etc. in an estate * * * after the administration of the estate has been commenced and while it is still pending." See Weathington v. Hill , 3d Dist. Marion No. 9-11-16, 2011-Ohio-5875, 2011 WL 5517275, ¶ 23 (finding questions posed after the administration of an estate is fully settled and the estate is closed do not arise in the administration of a pending estate).
{¶ 17} Appellants correctly assert that a question must be posed arising out of the administration of a pending estate for a probate court to render declaratory judgment. Appellants also correctly assert that an estate remains open until the administrator or executor files a final account, which is approved and settled by the probate court, and the administrator or executor is discharged. Eger v. Eger , 39 Ohio App.2d 14, 18, 314 N.E.2d 394 (8th Dist.1974), citing R.C. 2109.30 and 2109.32. While Callinan filed a final account and the *61 probate court approved her attorney fees, the estate in question remains open.
{¶ 18} Appellants filed several exceptions to the final account and the probate court heard argument on appellants' exceptions. The probate court has neither approved and settled the final account nor has it discharged Callinan as administrator. Therefore, the estate remains open and the questions posed by appellees in their declaratory judgment action arose in the administration of the pending estate. In turn, the probate court had statutory authority to grant or deny declaratory relief. Accordingly, the probate court did not abuse its discretion in rendering such relief and appellants' first assignment of error is overruled.
{¶ 19} Assignment of Error No. 2:
{¶ 20} THE TRIAL COURT ERRED IN CONSIDERING THE SALE VALID BECAUSE THE CONSENT FORM FOR THE SALE OF CONDO WAS SIGNED UNDER DURESS.
{¶ 21} Appellants contend the probate court erred in finding appellants ratified the sale of the property because they lacked full knowledge of the facts related to the sale. Appellants further contend they were under duress when they signed the consent forms for the sale because Callinan threatened to withhold the proceeds of the sale without their signatures. Additionally, appellants argue Callinan violated her fiduciary duties to the heirs due to a conflict of interest and by failing to act primarily for the benefit of the heirs with respect to the sale of the property.
{¶ 22} " R.C. 2127.01, in pertinent part, requires all proceedings for the sale of lands by an administrator to be filed in accordance with R.C. 2127.01 to 2127.43." In re Estate of Porter , 10th Dist. Franklin No. 17AP-414, 2017-Ohio-8840, 2017 WL 6016631, ¶ 14. Pursuant to R.C. 2127.011, an administrator may dispose of real property by obtaining written consent for power of sale from all the heirs and filing each consent with the probate court. Id. Additionally, "[a]ny sale under a power of sale authorized pursuant to [the statute must] be made at a price of at least eighty per cent of the appraised value, as set forth in an approved inventory." R.C. 2127.011(A)(2).
{¶ 23} Appellants do not dispute the heirs provided written consent for power of sale to Callinan; therefore, the first statutory requirement is not at issue. However, appellants dispute the circumstances under which Callinan obtained such written consents, which we will further discuss below. With respect to the second statutory requirement, the approved inventory listed the property at $163,060. Appellees purchased the property for $160,000. Thus, the sale price is at least eighty percent of the appraised value in the approved inventory. Accordingly, the probate court did not err in finding Callinan met the statutory requirements to dispose of the property.
{¶ 24} Next, we turn to appellants' arguments that they were without sufficient knowledge to consent to the sale of property, the consents were obtained under duress, and Callinan breached her fiduciary duty to the heirs. The probate court found appellants ratified the sale of the property by Arnold's Estate to appellees by signing the written consents. "Ratification has been defined as the approval by act, word, or conduct of that which was improperly done." AFCO Credit Corp. v. Brandywine Ski Ctr. , 81 Ohio App.3d 217, 221, 610 N.E.2d 1032 (9th Dist.1992). Ratification cannot occur unless the principal has full knowledge and understanding of the acts performed by the agent.
*62 Braden v. State Farm Mut. Auto. Ins. Co. , 92 Ohio App.3d 777, 781, 637 N.E.2d 109 (12th Dist.1994).
{¶ 25} The probate court made its ratification finding pursuant to Mitchell v. Dunlap , 10 Ohio 117 (1840). In Mitchell , the Ohio Supreme Court held that an executor's sale of property to himself may be lawfully completed by the subsequent assent and ratification of the heirs. Id. at 120-21 ("the question here is, not whether the sale was originally good, but whether it may not be ratified by those whose interests are conveyed"). The court found that the heir's post-sale written consent ratified the sale and could not be later withdrawn.
{¶ 26} Likewise, the heirs in this case signed post-sale written consents for power of sale and the probate court did not err by finding the consents could not later be withdrawn. Appellants contend Callinan failed to supply them with full knowledge of the facts of the sale to ratify said sale and that Callinan placed them under duress to induce their signatures. However, appellants fail to demonstrate they lacked full knowledge of the sale of the property before signing the written consents. Rather, taking the allegations in appellants' amended complaint as true, appellants' displeasure simply lies with the communicatory relationship between them and Callinan. Even assuming communication between appellants and Callinan fell below appellants' expectations, it does not demonstrate they lacked full knowledge of the sale before signing the written consents.
{¶ 27} Rather, appellants concede they had information regarding the original listing, the first failed sale due to financing issues with the purchaser, the second successful offer and acceptance, the date of closing, had not objected to the inventory and appraisal sheet, and that Callinan filed a final accounting. Appellants' discontent with the source of portions of this information does not mean they were unaware of the information at the time of ratification. Rather, appellants signed the written consent forms and accepted the proceeds from the sale of the property. An informed principal must dissent within a reasonable time and provide notice of such dissent, otherwise, the principal's assent and ratification is presumed. United State Rolling Stock Co. v. Atlantic & G.W.R. Co. , 34 Ohio St. 450, 462 (1878). Moreover, "[a]n acceptance of the benefits of the transaction imposes the obligation to assume its burdens and operates to confirm it as a whole. And a ratification once made becomes as irrevocable, obligatory, and binding as if the act of the agent were previously authorized." Id. at 463. Thus, appellants had full knowledge of the information regarding the sale of the property and subsequently assented and ratified said sale by signing the written consents.
{¶ 28} Appellants' remaining arguments that they were under duress when they signed the consents and that Callinan breached her fiduciary duties are overruled. Appellants fail to cite any facts to demonstrate how these claims involve appellees and the issues underlying this appeal.
{¶ 29} Accordingly, appellants' second assignment of error is overruled.
{¶ 30} Judgment affirmed.
RINGLAND and PIPER, JJ., concur.

Pursuant to Loc.R. 6(A), we have sua sponte removed this appeal from the accelerated calendar.