[Cite as *MB Fin. Bank, N.A. v. Mitchell*, 2019-Ohio-84.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| MB FINANCIAL BANK, N.A., | : | |
| Appellee, | : | CASE NO. CA2018-04-041 |
| | : | O P I N I O N |
| - vs - | | 1/14/2019 |
| | : | |
| MICHAEL S. MITCHELL, | : | |
| Appellant. | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 17 CV 89885

Lerner, Sampson & Rothfuss, Rick D. DeBlasis, William P. Leaman, 120 East Fourth Street, Suite 800, Cincinnati, Ohio 45202, for appellee

Andrew M. Engel, 7925 Paragon Road, Dayton, Ohio 45459, for appellant

**HENDRICKSON, P.J.**

{¶ 1} Appellant, Michael S. Mitchell, appeals from the decision of the Warren County Court of Common Pleas granting summary judgment in this foreclosure action to appellee, MB Financial Bank, N.A. ("MB"). For the reasons discussed below, this court affirms the decision.

{¶ 2} In June 2017, MB filed a complaint against Mitchell seeking to foreclose on Mitchell's Warren County real property. MB alleged that it was a holder of a note and

mortgage that entitled it to foreclose on the property and that Mitchell had defaulted on the payment terms of the note. Mitchell filed his answer and the case proceeded.

{¶ 3} MB moved for summary judgment and filed the affidavit of its vice president, Ray Stacy. In the affidavit, Stacy averred that he had access to and was familiar with MB's business records. Those records reflected that Mitchell executed a note in the initial amount of $159,500, that Mitchell delivered that note to Liberty Savings Bank, that Mitchell simultaneously executed a mortgage as security for the note, and that Mitchell had not made payments as required under the terms of the note and mortgage.

{¶ 4} Stacy further averred that at the time of the complaint and continuously since, MB had been in possession of the note, which was endorsed in blank. Finally, Stacy averred that MB sent Mitchell notice of default in February 2017, but Mitchell had continued to default on his payment obligation. The affidavit included attachments consisting of copies of the note, mortgage, the mortgage assignment to MB, a MB loan payoff statement, and demand letter.

{¶ 5} Mitchell moved to strike Stacy's affidavit, arguing for various reasons that the affidavit failed to prove the amount owed on the note and failed to establish that MB had possessed the note continuously through the litigation. Mitchell also filed a memorandum opposing summary judgment, in which he argued that MB failed to establish that it properly notified him of default, the amount owed on the note, and that MB possessed the note continuously through the litigation. Mitchell did not submit any summary judgment evidence.

{¶ 6} In January 2019, MB simultaneously filed its reply in support of summary judgment, a memorandum opposing Mitchell's motion to strike, and Stacy's "supplemental affidavit." The supplemental affidavit was identical to Stacy's initial affidavit except that it incorporated two additional sets of documents, i.e., a list of payments on the note and a servicing transfer notice directed to Mitchell advising Mitchell that MB was now the note

servicer.

{¶ 7}   Five weeks later, Mitchell moved for an extension of time to respond to MB's January filings.  Mitchell claimed he had not received a copy of the filings and only learned of the filings by checking the court's docket.

{¶ 8}   Later that day, the court issued an entry granting MB summary judgment.  The court simultaneously denied Mitchell's motion to strike Stacy's affidavit, noting that MB had filed a supplemental affidavit which corrected the "purported deficiencies" in the initial affidavit.  Mitchell appeals, raising four assignments of error, which we address out of the order presented.

{¶ 9}   Assignment of Error No. 4:

{¶ 10}   THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT.

{¶ 11}   This court reviews a trial court's decision on summary judgment under a de novo standard of review.  *Deutsche Bank Natl. Trust Co. v. Sexton*, 12th Dist. Butler No. CA2009-11-288, 2010-Ohio-4802, ¶ 7.  Summary judgment is appropriate under Civ.R. 56 when (1) there is no genuine issue of material fact remaining to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his favor.  *BAC Home Loans Servicing, L.P. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345, ¶ 17 (12th Dist.), citing *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370 (1998).

{¶ 12}   The party requesting summary judgment bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.  *Sexton* at ¶ 7.  Once a party moving for summary judgment has satisfied its initial burden, the nonmoving party "must then rebut the moving party's evidence with specific facts showing the existence of a genuine

- 3 -

triable issue; it may not rest on the mere allegations or denials in its pleadings." *Id.*; Civ.R. 56(E).

{¶ 13} A plaintiff in a foreclosure case must establish (1) execution and delivery of a note and mortgage, (2) valid recording of the mortgage, (3) that the plaintiff is the current holder of the note and mortgage, (4) default, and (5) the amount owed. *Kolenich* at ¶ 26, citing *Countrywide Home Loans, Inc. v. Baker*, 10th Dist. Franklin No. 09AP-968, 2010-Ohio-1329, ¶ 8. In this appeal, Mitchell does not argue that MB failed to establish any of these requirements. Instead, Mitchell argues that the trial court granted summary judgment based upon its allegedly improper consideration of Stacy's supplemental affidavit.

{¶ 14} Upon review, this court finds that Stacy's initial affidavit provided the lower court with the necessary evidence to establish MB's entitlement to summary judgment. Stacy's affidavit established that he was MB's vice president, had access to their business records, and had personal knowledge of the maintenance and retrieval of MB's records. Stacy further averred that he had personally reviewed MB's records, which were attached to the affidavit, and that those records were made during regularly conducted business activity, at or near the time of the occurrence of each event documented, and that it was the regular practice of that business activity to make the record. In other words, the affidavit stated the necessary requirements for MB's records to qualify under the hearsay exception for records of regularly conducted activity pursuant to Evid.R. 803(6). The documents attached to the affidavit included a note, a mortgage indicating recordation with the Warren County recorder, an assignment of the mortgage to MB, and a MB "payoff statement."

{¶ 15} Stacy averred that based upon his review of the records, Mitchell executed and delivered a promissory note to Liberty Savings Bank, that the note was for the original amount of $159,500, that the note was endorsed in blank and that MB had been in possession of the note since the filing of the complaint, that payments had not been made in

accordance with the terms and conditions of the note, that notice of default was provided to Mitchell, that Mitchell failed to cure the default, and that a principal balance of $135,537.03 was due plus interest.

{¶ 16} Based upon this court's review of the foregoing summary judgment evidence, MB met its initial burden of establishing execution and delivery of the note and mortgage, valid recording of the mortgage, that MB was the current holder of the note and mortgage, that Mitchell defaulted, and the amount owed. The court's alleged consideration of Stacy's supplemental affidavit – which was identical to the initial affidavit except for the addition of several documents – was inconsequential and caused Mitchell no prejudice even if the court considered it in error.

{¶ 17} Mitchell did not meet his reciprocal burden of demonstrating the existence of a genuine issue of fact by submitting any contradictory summary judgment evidence. And Mitchell has not, in this appeal, raised the arguments he presented in his motion to strike or memorandum in opposition. Instead, he simply contends that the court improperly considered the supplemental affidavit.

{¶ 18} The Rules of Appellate Procedure provide that an appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7). "The burden of affirmatively demonstrating error on appeal rests with the party asserting error." *Sparks v. Sparks*, 12th Dist. Warren No. CA2010-10-096, 2011-Ohio-5746, ¶ 17. "An appellant must present his or her contentions with respect to each assignment of error and the reasons supporting those contentions, including citations to legal authorities and parts of the record upon which the appellant relies." *Id.* This court may disregard an assignment of error if a party fails to identify in the record the error on which the

assignment of error is based or fails to argue the assignment separately in the brief. App.R. 12(A)(2); *Stewart v. Vivian*, 12th Dist. Clermont No. CA2015-05-039, 2016-Ohio-2892, ¶ 112. "It is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any alleged error." *State v. Watson*, 126 Ohio App.3d 316, 321 (12th Dist.1998).

{¶ 19} This court will not comb the summary judgment record to identify a reason that the initial Stacy affidavit was deficient and should not have been considered by the trial court in granting summary judge in favor of MB. On its face, the initial Stacy affidavit supported the lower court's grant of summary judgment in favor of MB. Mitchell has not demonstrated error in the court's grant of summary judgment based upon its purported consideration of Stacy's supplemental affidavit. Accordingly, this court overrules Mitchell's fourth assignment of error.

{¶ 20} Assignment of Error No. 2:

{¶ 21} THE TRIAL COURT ERRED IN CONSIDERING THE SUPPLEMENTAL AFFIDAVIT WHEN RULING ON SUMMARY JUDGMENT.

{¶ 22} Mitchell argues that the court should not have considered the supplemental affidavit or that he should have been allowed an opportunity to respond to the supplemental affidavit prior to the court's entry of judgment. However, as discussed in the preceding assignment of error, MB was entitled to summary judgment based on Stacy's initial affidavit and the court's alleged consideration of the supplemental affidavit was inconsequential. This assignment of error is moot based upon this court's resolution of Mitchell's fourth assignment of error and need not be addressed. App.R. 12(A)(1)(C). This court overrules Mitchell's second assignment of error.

{¶ 23} Assignment of Error No. 3:

{¶ 24} THE TRIAL COURT ERRED IN DENYING MITCHELL'S MOTION TO STRIKE.

{¶ 25} Mitchell argues that the court erred in denying his motion to strike based on the court's determination that Stacy's supplemental affidavit cured Mitchell's objections in the motion to strike. Again, Mitchell failed to present a legal argument in this appeal explaining why Stacy's initial affidavit was deficient. He has not challenged any aspect of the underlying factual averments of that affidavit or asserted the arguments presented in his motion to strike. Mitchell has waived the argument that the court erred in overruling the motion to strike. Accordingly, this court overrules Mitchell's third assignment of error.

{¶ 26} Assignment of Error No. 1:

{¶ 27} THE TRIAL COURT ERRED IN OVERRULING MITCHELL'S MARCH 7, 2018 MOTION TO RESPOND.

{¶ 28} Mitchell argues that the court abused its discretion in overruling his motion for leave to respond to MB's January 2018 filings. The court did not rule on the motion for leave before entering judgment and therefore this court ordinarily presumes that the court overruled the motion. *State ex rel. The V Cos. v. Marshall*, 81 Ohio St.3d 467, 469 (1998). Mitchell cannot demonstrate prejudice from any alleged error in the court overruling his motion for leave to respond. As stated above, MB carried its summary judgment burden based on Stacy's initial affidavit. It was unnecessary for the court to consider the supplemental affidavit and therefore there was no need for Mitchell to respond. This court overrules Mitchell's first assignment of error.

{¶ 29} Judgment affirmed.

RINGLAND and M. POWELL, JJ., concur.