[Cite as *Hodge v. Callinan*, 2019-Ohio-1836.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| RACHEL HODGE, et al., | : | |
| Appellants, | : | CASE NO. CA2018-07-073 |
| | : | O P I N I O N |
| - vs - | | 5/13/2019 |
| | : | |
| MAUREEN CALLINAN d.b.a. | : | |
| MAUREEN CALLINAN, | | |
| ATTORNEY AT LAW, | : | |
| Appellee. | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. 20141486.01

F. Harrison Green Co., LPA, F. Harrison Green, 4015 Executive Park Drive, Executive Park, Suite 230, Cincinnati, Ohio 45241, for appellants

Schroeder, Maundrell, Barbiere & Powers, John W. Hust, 5300 Socialville-Foster Road, Suite 200, Mason, Ohio 45040, for appellee

**RINGLAND, J.**

{¶ 1} Appellants, Rachel Hodge and Danielle Arnold, appeal from the decision of the Warren County Court of Common Pleas, Probate Division, granting summary judgment in favor of Maureen Callinan. For the reasons detailed below, we affirm.

{¶ 2} This matter has previously been discussed by this court in a prior appeal.

*Hodge v. Callinan ("Hodge I")*, 12th Dist. Warren No. CA2017-07-114, 2018-Ohio-227. The underlying issues concern the administration of Victoria Arnold's estate. In pertinent part, Arnold died leaving three heirs, the two appellants and a non-party. The sole asset in Arnold's estate was a condominium. Arnold owned an undivided one-half interest in the condominium with her brother, Dennis Brooks. Callinan served as the estate's administrator and attorney.

{¶ 3} The condominium originally listed for $180,000. Several offers were made on the condominium and eventually Callinan accepted an offer of $160,000. On March 13, 2015, the probate court approved the estate inventory, valuing the property at $163,060. Appellants did not object to the inventory.

{¶ 4} Appellants allege that they had trouble communicating with Callinan regarding a final accounting for the estate. Appellants further allege they visited Callinan's office on June 1, 2015 where "Callinan held their checks in the air and told them if they wanted the money they would need to sign consent forms [to sell the property] before she would disburse the funds." Appellants signed the consent forms to sell the condominium and Callinan provided them with their distributive portion of the proceeds. Callinan then filed the consent forms and final account in the probate court.

{¶ 5} Appellants filed exceptions to the final account and later filed a complaint in the Warren County Court of Common Pleas on March 31, 2016. The amended complaint alleged claims of breach of fiduciary duty and legal malpractice against Callinan and a quiet title claim against the purchasers of the condominium ("Purchasers"). On September 19, 2016, the general division transferred the case to the probate division.

{¶ 6} On May 19, 2017, the Purchasers moved for declaratory judgment to declare the rights of all parties as to their interests in the condominium they purchased from the estate. On June 20, 2017, the probate court granted the Purchasers' motion for declaratory

judgment and the Purchasers were declared the lawful owners of the condominium. Appellants appealed.

{¶ 7} On appeal, appellants challenged the probate court's conclusion that they ratified the sale of the condominium. This court overruled appellants' arguments and found that Callinan met the statutory requirements to dispose of the property. *Hodge I*, 2018-Ohio-227 at ¶ 23. This court also found that appellants consented and ratified the sale of the condominium. *Id.* ¶ 25-27. As a result, this court affirmed the probate court's decision granting declaratory judgment in favor of the Purchasers. *Id.* at ¶ 30.

{¶ 8} Thereafter, Callinan moved for summary judgment on the claims asserted in appellants' amended complaint, including breach of fiduciary duties and legal malpractice. The probate court granted summary judgment in favor of Callinan. Appellants now appeal, raising three assignments of error for review.

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT'S APPLICATION OF THE LAW OF THE CASE DOCTRINE TO THE MOTION FOR SUMMARY JUDGMENT INVOLVING DIFFERENT LEGAL ISSUE AGAINST DIFFERENT PARTY IS NOT PROPER. (sic)

{¶ 11} Assignment of Error No. 2:

{¶ 12} THERE WAS A BREACH OF FIDUCIARY DUTY BY MS. CALLINAN, AS SHE FAILED TO PROTECT THE BEST INTEREST OF PLAINTIFFS-APPELLANTS, THE BENEFICIARIES.

{¶ 13} Assignment of Error No. 3:

{¶ 14} THE PLAINTIFFS-APPELLANTS LEGAL MALPRACTICE CLAIM IS NOT BARRED BY R.C. 5815.16(A) BECAUSE MS. CALLINAN'S CONDUCTS WERE MALICIOUS IN NATURE. (sic)

{¶ 15} In their first assignment of error, appellants argue the probate court erred by

applying the law-of-the-case doctrine and granting summary judgment. In their second and third assignments of error, appellants address the specific claims against Callinan for breach of fiduciary duty and legal malpractice. Appellants' arguments are without merit.

{¶ 16} This court reviews summary judgment decisions de novo, which means we review the trial court's judgment independently and without deference to the trial court's determinations, using the same standard in our review that the trial court should have employed. *Ludwigsen v. Lakeside Plaza, L.L.C.*, 12th Dist. Madison No. CA2014-03-008, 2014-Ohio-5493, ¶ 8. Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to a conclusion which is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-70 (1998).

{¶ 17} The moving party bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. *Robinson v. Cameron*, 12th Dist. Butler No. CA2014-09-191, 2015-Ohio-1486, ¶ 9. Once this burden is met, the nonmoving party has a reciprocal burden to set forth specific facts showing there is some genuine issue of material fact yet remaining for the trier of fact to resolve. *Id.* In determining whether a genuine issue of material fact exists, the evidence must be construed in favor of the nonmoving party. *Vanderbilt v. Pier 27, L.L.C.*, 12th Dist. Butler No. CA2013-02-029, 2013-Ohio-5205, ¶ 8.

{¶ 18} The law-of-the-case doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). The rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior

courts as designed by the Ohio Constitution. *Id*; *Clarke v. Warren Cty. Bd. of Commrs.*, 12th Dist. Warren No. CA2005-04-048, 2006-Ohio-1271, ¶ 21. The law-of-the-case doctrine is a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. *Washington Mut. Bank v. Wallace*, 12th Dist. Warren Nos. CA2014-02-024 and CA2014-02-031, 2014-Ohio-5317, ¶ 20.

{¶ 19} Appellants argue the probate court improperly relied on the law-of-the-case doctrine to resolve the merits of their claims. In so doing, appellants maintain that the doctrine is inapplicable because this court's prior decision is different from the prior appeal involving the Purchasers. Appellants argue that the appeal in this instance involves different legal issues and different parties, and therefore the law-of-the-case doctrine is inapplicable.

{¶ 20} We find the probate court did not err by granting summary judgment in favor of Callinan. In this case, the probate court did not solely rely on the law-of-the-case doctrine to resolve the claims against Callinan. Rather, we find the probate court appropriately considered the law-of-the-case doctrine and considered other relevant evidence in determining that no genuine issue of material fact remained as to the claims against Callinan. The result is just and furthers the judicial interest of consistency as designed by the Ohio Constitution. Because we find that the probate court only partially relied on the law-of-the-case doctrine, and did so appropriately, we will address appellants' remaining arguments in light of the summary judgment evidence presented to the probate court. As a result, we find appellants' first assignment of error is without merit and is hereby overruled.

Breach of Fiduciary Duty

{¶ 21} Appellants claim Callinan breached her fiduciary duties with respect to the sale of the condominium. Appellants allege that Callinan sold the condominium for less than market value, failed to obtain court approval, and failed to obtain their consent to the sale.

{¶ 22} "A claim of a breach of fiduciary duty is basically a claim of negligence, albeit

- 5 -

involving a higher standard of care." *Puhl v. U.S. Bank, N.A.*, 12th Dist. Butler No. CA2014-08-171, 2015-Ohio-2083, ¶ 27. "To succeed on a claim for breach of fiduciary duty, a party must show (1) the existence of a duty arising from a fiduciary relationship; (2) a failure to observe the duty; and (3) an injury resulting proximately therefrom." *D&H Autobath v. PJCS Properties I, Inc.*, 12th Dist. Fayette No. CA2012-05-018, 2012-Ohio-5845, ¶ 28.

{¶ 23} The probate court found there was no evidence that Callinan breached her duty by failing to communicate with appellants and by failing to keep them informed on the state of the sale of the condominium. In so doing, the probate court referred to this court's determination in *Hodge I* wherein this court found that appellants "fail[ed] to demonstrate they lacked full knowledge of the sale of the property before signing the written consents." *Hodge I*, 2018-Ohio-227 at ¶ 26. Even assuming the communication between appellants and Callinan fell below appellants' expectations, this court found that the evidence "does not demonstrate they lacked full knowledge of the sale before signing the written consents." *Id.*

{¶ 24} We also find the probate court appropriately granted summary judgment in favor of Callinan on appellants' claim for breach of fiduciary duties. As this court found in *Hodge I*, the sale of the condominium was proper and the improprieties alleged in that action with respect to market value, court approval, and their consent were without merit. We decline to alter findings of fact and conclusions of law that have previously been affirmed by this court.

{¶ 25} A review of the summary judgment evidence reveals that Callinan did not breach any fiduciary duties. There was no evidence that Callinan had a conflict of interest. Callinan testified about the various offers received on the condominium and the negotiation process. Callinan explained that she believed the $160,000 purchase price of the condominium was fair and in the best interests of the estate. Moreover, appellants consented to the sale of the condominium despite their protests that they did not read the

release or willfully sign. It is well-established that "[p]arties to contracts are presumed to have read and understood them and * * * a signatory is bound by a contract that he or she willingly signed." *Preferred Capital, Inc. v. Power Engineering Group, Inc.*, 112 Ohio St.3d 429, 2007-Ohio-257, ¶ 10. The record reflects that appellants were motivated to receive their distribution checks and Hodge was anxious to "be done" with the estate process. Though appellants may now regret their decision, that does not alter the willful nature of their signatures or allow them to undo the agreement.

{¶ 26} Finally, appellants claim they signed the written consents under duress because Callinan allegedly waved their distribution checks in the air and said that she would not release the checks to them until the consent forms were signed. However, the actions alleged do not amount to duress. To establish a right to relief upon a claim of economic duress, one must show (1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the results of coercive acts of the opposite party. *Blodgett v. Blodgett*, 49 Ohio St. 3d 243, 246 (1990).

{¶ 27} Here, appellants voluntarily accepted the terms of the agreements and signed the consent forms. Appellants had an alternative in that they could have refused to sign the consent forms or agree to the terms negotiated by Callinan and there is no evidence that their assent was the result of any coercive act. Conditioning the proceeds of the sale on the signing of necessary consent forms does not amount to economic duress. As a result, we find the probate court did not err by granting summary judgment on appellants' claim that Callinan breached her fiduciary duties. Therefore appellants' second assignment of error is overruled.

Legal Malpractice

**{¶ 28}** In their third assignment of error, appellants argue the probate court erred by granting summary judgment on their claim for legal malpractice. Pursuant to R.C. 5815.16(A):

> Absent an express agreement to the contrary, an attorney who performs legal services for a fiduciary, by reason of the attorney performing those legal services for the fiduciary, has no duty or obligation in contract, tort, or otherwise to any third party to whom the fiduciary owes fiduciary obligations.

**{¶ 29}** As correctly found by the probate court, appellants failed to present any evidence of an express agreement between themselves and Callinan. Rather, appellants' claims are based upon implication or "words and actions" that they perceived throughout the course of the administration of the estate. Therefore, the probate court appropriately found that appellants failed to satisfy R.C. 5815.16(A). Furthermore, appellants' claim that Callinan acted with malice in the administration of the estate is completely unsupported by the record. As a result, appellants' third assignment of error is overruled.

**{¶ 30}** Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.

- 8 -