[Cite as *Hill v. Dorger*, 2024-Ohio-2305.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

|  |  |  |
|---|---|---|
| JOHN M. HILL, et al., | : | |
| Appellees, | : | CASE NO. CA2023-10-071 |
| | : | O P I N I O N |
| - vs - | | 6/17/2024 |
| | : | |
| JOSEPH DORGER, | : | |
| Appellant. | : | |

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2022 CVH 01111

Strauss Troy Co., LPA, and James D. Houston and Alexa E. Wainscott, for appellees.

Ennis Britton Co., L.P.A., and J. Michael Fischer, for appellant.

**PIPER, J.**

{¶ 1}   Appellant, Joseph Dorger ("Seller"), appeals the decision of the Clermont County Court of Common Pleas denying his motion for relief from a judgment granted to appellees, John Hill ("Buyer") and John Hill Construction, L.L.C.  For the reasons detailed below, we affirm the trial court's decision.

**Factual Background**

{¶ 2}   This case involves a dispute surrounding the sale of undeveloped property.

Buyer is a construction industry professional. Seller was also in the construction industry but retired some time ago. As relevant here, Seller owned three lots in Milford, Clermont County, Ohio: Lots 98, 99, and 100. Seller's home was built on Lot 100 and his driveway encroached upon Lot 99 by approximately nine feet.

{¶ 3} On November 3, 2022, Seller contacted Buyer and asked if he had any interest in purchasing Lots 98 and 99 ("Property"). Buyer indicated he was interested and the two met the next day to discuss a possible sale. Buyer and Seller walked the Property and negotiated a sale where Buyer agreed to purchase the Property for $87,500 except that Seller was entitled to a portion of Lot 99 so that he could continue to use the driveway. Seller drafted the purchase agreement, which was then signed by the parties.

{¶ 4} The purchase agreement stated that Lots 98 and 99 were being sold by Seller to Buyer for a total of $87,500 with a $500 down payment of earnest money. Closing was set for the first week of January 2023. The parties agreed that Buyer could either purchase two separate lots (Lots 98 and 99), or a single lot combining the two lots. Under either option, Seller would be allowed to retain the portion of Lot 99 for his driveway.

{¶ 5} On November 15, 2022, 12 days after executing the purchase agreement, Seller sent an email to Buyer that he was "having second thoughts" and did not want to go through with the sale of the Property. Seller said he wanted to terminate the deal and hoped Buyer understood. However, the very next day (and before Buyer could respond), Seller sent another email indicating a willingness to sell the Property but demanded a higher purchase price:

> [Y]ou can have the lots if you still want them but the price is $89500. not $87500. I have had 2 offers from people that live in the Apts. one for $100,000. and another for $125,000. I believe the lots are worth $75. each, so you will do quite well with them. * * * Confirm you got this email and you agree to the $89500, If not I will sell them to someone else. Sorry for the glitch, but this is how it will be.

Buyer responded that he intended to complete the purchase agreement and close on the Property. Buyer said he intended to "honor our word, our handshake, and our signatures." In response, Seller unilaterally cancelled the closing.

{¶ 6} On November 21, 2022, Buyer filed a complaint against Seller claiming anticipatory breach of contract. Seller filed an answer admitting that he entered into the agreement with Buyer. However, Seller claimed there was a "mutual mistake" that nullified the original agreement "rendering it impossible for the Purchase Agreement to be specifically enforced." Seller claimed that he had the replatted legal descriptions for the lots, but that the "cut-up and re-platting of Lots 99 and 100 was rejected by the city of Milford because the width of Lot 99 could not be reduced to less than 50 feet." Seller did not mention the possibility of combining Lots 98 and 99.[1]

**Bench Trial and Procedural Posture**

{¶ 7} A bench trial was held on March 21, 2023. Buyer testified about the purchase agreement, which was admitted into evidence, as well as Seller's attempts to terminate and then renegotiate the original purchase agreement. Buyer testified that it did not matter to him if the Property was sold as one lot or two.

{¶ 8} Seller presented only limited testimony, but he stated that he thought he had to provide Buyer with two separate lots. He further testified that he was not able to record the plat:

Q. Were you able to record the plat * * * [?]

A. No. We were not.

Q. Okay.

A. The plat could not be recorded. It was not accepted by the

---

1. Seller's answer is not styled as a typical answer with paragraph numbers admitting or denying allegations in Buyer's complaint. It instead more closely resembles a memorandum in opposition.

City of Milford.

Q. Okay.

{¶ 9} Following trial, the trial court found in favor of Buyer and awarded specific performance. With the exception of the portion of Lot 99 comprising Seller's driveway, Seller was ordered to either sell the Property to Buyer as two lots or combine the Property into one lot. The trial court stated:

> [T]he Purchase Agreement provides the parties with two options to effectuate the sale: the Property can either be sold as two lots (e.g. Lot 98 and 99), or it can be combined into one lot. Should the [Seller] find himself unable to sell Lot 99 with a modified width, then he could resort to selling the Property as one combined lot. Stated differently, the [Seller] could perform the specific terms of the Purchase Agreement if ordered to do so.

{¶ 10} Seller timely appealed the trial court's decision. Seller maintained that he was unable to comply with the trial court's order because the city of Milford would not approve the replatting of the lots. However, before the matter could be resolved on direct appeal, Seller voluntarily dismissed the appeal.

{¶ 11} The same day Seller filed the voluntary dismissal, he filed a Civ.R. 60(B) motion for relief from judgment in the trial court. Seller continued to argue that the city of Milford had denied the applications for the replatting of the lots and submitted two denial letters from the city of Milford. However, Seller then stated *Buyer* had been able to secure approval from the city of Milford for the replatting of the lots. Apparently undeterred, Seller maintained the trial court "should grant [Seller] relief from the previous judgment of the court in this action, and dismiss this action. At the very least, [the court] should schedule an evidentiary hearing to establish on the record how the re-platting submitted by [Buyer] was approved by Milford, when the exact same re-platting submitted by [Seller] was not approved by Milford." The trial court denied Seller's motion for relief, finding that Seller

- 4 -

failed to establish a meritorious defense and that there were no grounds from relief as provided in Civ.R. 60(B)(1) through (5). Seller filed a timely appeal, raising two assignments of error for review.

**Appeal**

{¶ 12} Assignment of Error No. 1:

{¶ 13} THE TRIAL COURT ERRED BY DENYING [SELLER'S] MOTION FOR RELIEF FROM JUDGMENT.

{¶ 14} In his first assignment of error, Seller argues the trial court erred by denying his Civ.R. 60(B) motion for relief from judgment. Civ.R. 60(B) provides that the trial court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
>
> (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (5) any other reason justifying relief from the judgment.

{¶ 15} To prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate that it (1) has a meritorious claim or defense to present if the motion is granted; (2) is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) has made the motion within a reasonable time. *Kutz v. Kutz*, 12th Dist. Madison No. CA2012-08-017, 2013-Ohio-532, ¶ 8. Failing to meet any one of these three factors is dispositive, for all three must be satisfied in order to gain relief. *Bowman*

*v. Leisz*, 12th Dist. Warren No. CA2014-02-029, 2014-Ohio-4763, ¶ 16.

**Standard of Review**

{¶ 16} The decision to grant or deny a Civ.R. 60(B) motion lies within the trial court's discretion, and the decision will be reversed only for an abuse of discretion. *Purcell v. Schaefer*, 12th Dist. Preble No. CA2013-09-007, 2014-Ohio-4894, ¶ 26. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 17} In his Civ.R. 60(B) motion, Seller argued that he submitted a new application for replatting that was rejected by the city of Milford and maintained that there was nothing he could do to comply with the trial court's order. Seller attached two letters dated December 12, 2022, and July 6, 2023, purportedly from the city of Milford indicating that two applications to replat the lots had been denied. However, he then admitted that the city of Milford had since approved the replatting of Lots 98, 99, and 100:

> Without [Seller's] knowledge, let alone his approval, [Buyer] contracted with another surveyor to prepare a re-platting of Lots 98, 99, and 100. This re-platting produced the exact same re-platting that [Seller] submitted to Milford which was not approved by Milford. Inexplicably, without any notice to [Seller], who is the owner of record of the real estate parcels involved, the re-platting of the involved parcels submitted by [Buyer] was approved by Milford even though the exact same re-platting when submitted by [Seller] was not approved by Milford. Thus, [Buyer was] apparently somehow able to obtain a favorable interpretation of, or a variance from, Milford's Zoning Code without having to go through Milford's Board of Zoning Appeals.

Seller argued that the court should conduct an evidentiary hearing, among other things, to obtain testimony from various city officials regarding the replatting process.

{¶ 18} The trial court denied Seller's Civ.R. 60(B) motion for relief from judgment concluding "[t]here are no new operative facts alleged in this motion which were not

already known by both parties prior to the trial which, if proven, would provide a meritorious defense to the [Seller.]"  The trial court first considered the denial letters from the city of Milford.  The first letter was dated December 12, 2022, and was therefore issued three months before trial and was not an appropriate basis for relief.  The second letter was dated July 6, 2023.  The trial court noted that while this letter was sent after the bench trial, it was essentially the same denial that Seller received earlier.  Therefore, neither letter aided in Seller's argument that he was entitled to relief.  The trial court then continued:

> **[Seller] acknowledges on Page 5 of his motion that Milford has now seemingly changed its position and will now allow "the exact same re-platting" that he had previously submitted.**  [Seller's] argument that it is impossible for him to specifically perform the real estate agreement is, by his own admission, no argument at all.  It certainly does not provide him a meritorious defense and, for that reason alone, he cannot meet the first requirement for succeeding under Civ.R. 60(B).

(Bold sic.)  Thereafter, the trial court also found that Seller failed to demonstrate that he was entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5).

{¶ 19} Following review, we find the trial court did not abuse its discretion by denying Seller's Civ.R. 60(B) motion.  As correctly determined by the trial court, Seller failed to present operative facts that would aid in a meritorious claim or defense.  Seller's argument is essentially a repackaged argument from the bench trial that he is unable to have the lots replatted due to a mutual mistake.  Neither of the city's letters aids Seller's attempt to show he has a meritorious defense. Moreover, Seller now *admits* that the city of Milford has approved the replatting, undermining the argument that a claimed "mutual mistake" had "nullified" the contract.  Seller is in effect asking this court to vacate the underlying judgment so he can continue to litigate this matter and use it as a basis to obtain testimony from various city officials.  However, we agree with the trial court;

namely, that Seller's "argument is, by his own admission, no argument at all." Certainly, there is no need for an evidentiary hearing to elicit testimony from various city of Milford officials.

{¶ 20} Seller's arguments on appeal appear to be nothing more than another attempt to further delay resolution of this matter from an agreement that Seller has come to regret. Although he may be dissatisfied with the terms of the purchase agreement, it is well established that "[p]arties to contracts are presumed to have read and understood them and * * * a signatory is bound by a contract that he or she willingly signed." *Hodge v. Callinan*, 12th Dist. Warren No. CA2018-07-073, 2019-Ohio-1836, ¶ 25. In this case, Seller has failed to demonstrate that he has any meritorious claim or defense and his Civ.R. 60(B) motion was appropriately denied. There is simply no valid reason why the terms of the agreement cannot be enforced to effectuate the sale of the Property through specific performance.

{¶ 21} Furthermore, although the failure to meet any one of the three Civ. R. 60(B) factors is dispositive, we likewise agree that Seller failed to demonstrate that he was entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). Here, the trial court listed each of the Civ.R. 60(B)(1)-(5) grounds and determined that none were applicable. We agree with that determination—Seller simply argues that it was a "surprise" or a "mistake" that the court's order "does not comply with Milford's zoning regulations." Seller's arguments do not support any of the grounds for relief, and moreover, as noted above, Seller acknowledged that the city of Milford has since approved an application for replatting. The trial court did not abuse its discretion by denying Seller's Civ.R. 60(B) motion for relief from judgment. Seller's first assignment of error is overruled.

{¶ 22} Assignment of Error No. 2:

{¶ 23} THE TRIAL COURT ERRED PREVENTING EVIDENCE OF A MUTUAL MISTAKE BY THE PARTIES ENTERING INTO THE PURCHASE AGREEMENT FROM INCLUSION IN THE RECORD.

{¶ 24} Seller fails to present a separate argument regarding his second assignment of error. While he fails to elaborate, it appears this assignment of error relates to the bench trial when the trial court denied Seller from introducing a purported letter from the city of Milford denying his application for replatting. The trial court denied the introduction of the letter because it was "classic hearsay." Seller's opportunity to present such an argument was in a direct appeal.[2] While Seller initially filed a direct appeal, he voluntarily dismissed that appeal and proceeded with the filing of the Civ.R. 60(B) motion for relief from judgment. It is well established that a party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal. *Doe v. Trumbull Cty. Children Services Bd.*, 28 Ohio St.3d 128 (1986), paragraph two of the syllabus.

{¶ 25} Regardless, App.R. 12(A)(2) provides that an appellate court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." It is not the obligation of the appellate court to search the record for evidence to support an appellant's argument as to any alleged error. *MB Fin. Bank, N.A. v. Mitchell*, 12th Dist. Warren No. CA2018-04-041, 2019-Ohio-84, ¶ 18. Since Seller failed to separately argue, or even adequately explain his second assignment of error, we need not elaborate further and may simply overrule the assignment of error. As a result, Seller's second assignment of

---

2. The letter was not admitted into evidence and there was no proffer of the exhibit. As part of his Civ.R. 60(B) motion, Seller attached a denial letter from the city of Milford dated December 12, 2022. Presumably, Seller was attempting to offer this letter into evidence during the bench trial. However, what occurred at the bench trial is not before us in this appeal.

error is overruled.

**{¶ 26}** In Seller's reply brief, he raises two additional assignments of error. Pursuant to App.R. 16(C), reply briefs are to be used to rebut arguments raised in the appellee's brief; an appellant may not use a reply brief to raise new issues or assignments of error not addressed in the appellant's opening brief. *Baker v. Meijer Stores Ltd. Partnership*, 12th Dist. Warren No. CA2008-11-136, 2009-Ohio-4681, ¶ 17; *In re A.V.*, 12th Dist. Warren Nos. CA2021-04-030 thru CA2021-04-033, 2021-Ohio-3873, ¶ 36; *Young v. Kaufman*, 8th Dist. Cuyahoga Nos. 104990 and 105359, 2017-Ohio-9015, ¶ 44. Accordingly, we do not consider these new assignments of error on appeal.[3]

**{¶ 27}** Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.

---

3. Based on the same rationale, we deny Seller's motion filed on March 22, 2024 (which was filed after his reply brief and after oral argument), requesting that we permit him additional opportunity to respond to Buyer's arguments and raise new assignments of error.