JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App. R. 11.1 and Loc. App. R. 11.1.
 {¶ 2} Plaintiffs-appellants, Lawrence and Marilyn Shafron ("the Shafrons"), appeal the trial court's decision granting the defendants-appellees, Jon and Carol Thomas and Kenneth and Geraldine Peterson's (collectively "the shareholders") motion to dismiss for failure to prosecute. Finding no merit to the appeal, we affirm.
 {¶ 3} The underlying action involves a dispute of money between the parties, who were previously in business together in connection with Erie Road Development Co. ("Erie"), a now defunct corporation.[1] In 2003, the Shafrons filed a lawsuit against the shareholders to recover the interest on loans allegedly owed by the shareholders. The Shafrons voluntarily dismissed the action without prejudice and refiled the case in December 2005. In their complaint, the Shafrons claimed that the shareholders owed them over $80,000 because they had not paid them the correct amount of interest on loans which the Shafrons had given to Erie. *Page 4 
 {¶ 4} The trial court ordered that the parties pursue business mediation, which was held in July 2007. At the time of the mediation, the Shafrons had not yet responded to the shareholders' request for production of the financial and corporate records of Erie, which related to the Shafrons' claim of interest owed. Consequently, the mediator rescheduled the mediation to August 17, 2007, providing the Shafrons with additional time to produce the documents prior to the second mediation.
 {¶ 5} The shareholders' counsel sent the Shafrons' counsel three follow-up letters regarding the upcoming mediation and their need for the outstanding discovery, as well as a reminder that two of his clients would be flying in from Arizona. On August 16, the day before the mediation, the Shafrons' counsel called to notify the shareholders and the mediator that he was unable to attend the mediation. But at that time, two of the shareholders had already flown in from Arizona. The mediator also never received the message prior to traveling to Cleveland.
 {¶ 6} At the joint request of both parties, the court held a pretrial on August 29, 2007, wherein the trial court expressly asked the Shafrons' counsel, on the record, to explain his absence from the second mediation. Counsel explained that he was sick, battling a chronic illness, and offered to reimburse the flight expenses of the two defendants from Arizona. As for the outstanding discovery, the shareholders' counsel indicated that he specifically needed tax returns, loan documents, and the ledgers on any interest that was paid. Rather than unilaterally imposing a new deadline for the production of the discovery requests, the trial judge *Page 5 
expressly asked when the Shafrons could provide the documents. Their counsel represented that such documents would be provided within seven days. The trial court then issued an order directing the Shafrons to produce the documents no later than September 5, 2007.
 {¶ 7} Although the Shafrons produced some documents, they were not responsive to the shareholders' request. After having notified the Shafrons of the inadequacy of their responses and still not having received the documents, the shareholders moved to dismiss the case for want of prosecution on September 20. On October 1, 2007, the Shafrons opposed the motion, arguing that they already provided the general ledgers and financial statements and that they were in the process of producing the rest of the requested documents.
 {¶ 8} On October 17, 2007, the trial court granted the shareholders' motion and dismissed the action pursuant to Civ. R. 41(B)(1). From this order, the Shafrons appeal, raising the following single assignment of error:
 {¶ 9} "The dismissal of this case with prejudice for want of prosecution was an abuse of discretion by the trial court and constitutes reversible error."
 {¶ 10} The Shafrons argue that the trial court's decision must be reversed because the trial court failed to provide express notice of its intent to dismiss for want of prosecution. They claim that, absent express language that the court will dismiss for failing to comply with a specific court order, the court is prohibited from dismissing a case under Civ. R. 41(B)(1). They further argue that the trial court was required to hold a hearing on the shareholders' motion to dismiss. We disagree. *Page 6 
 {¶ 11} Civ. R. 41(B)(1) governs a dismissal for failure to prosecute and provides:
 {¶ 12} "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."
 {¶ 13} The decision to dismiss a case pursuant to Civ. R. 41(B)(1) rests with the sound discretion of the trial court and appellate review is limited solely to whether the trial court abused that discretion.Pembaur v. Leis (1982), 1 Ohio St.3d 89, 90. Thus, the trial court's dismissal for failure to prosecute will not be reversed unless the trial court's decision is unreasonable, arbitrary, or unconscionable. Id. at 91.
 {¶ 14} Before a trial court can dismiss a plaintiff's case for failure to prosecute, the record must reflect that the plaintiff had notice of the possibility of dismissal under Civ. R. 41(B)(1). The purpose of the notice is to provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice. Logdson v. Nichols, 72 Ohio St.3d 124,1995-Ohio-225. A trial court errs in dismissing a plaintiff's case for failure to prosecute when notice has not been given. Asres v.Dalton, 10th Dist. No. 05AP-632, 2006-Ohio-507, ¶ 14.
 {¶ 15} If the court proceeds under Civ. R. 41(B)(1) on its own motion to dismiss for failure to prosecute, then it must expressly provide notice to plaintiff or to plaintiff's counsel. Thompson v. ClevelandClinic Found., 8th Dist. Nos. 87250 and 87662, 2006-Ohio-6165, ¶ 9. But when a defendant files a motion to dismiss for want *Page 7 
of prosecution, and the court affords the plaintiff the opportunity to respond, the notice requirement of Civ. R. 41(B)(1) is satisfied.Quonset Hut v. Ford Motor Company (1997), 80 Ohio St.3d 46, 48-49; see, also, Sazima v. Chalko, 86 Ohio St.3d 151, 156, 1999-Ohio-92 (finding that a pending motion to dismiss was sufficient to put the plaintiff on implied notice of an impending dismissal).
 {¶ 16} Here, the shareholders moved to dismiss the case for failure to prosecute and served the Shafrons with their motion. Thus, the filing and serving of the motion effectively notified them of the potential of dismissal. Additionally, prior to ruling on the motion, the trial court afforded the Shafrons the opportunity to respond to the motion and to defend themselves. Notably, the Shafrons had not even produced all the requested discovery documents at the time that they opposed the motion to dismiss. Given that the case was originally filed in 2003, that the trial court had afforded the Shafrons many opportunities to produce the documents, and that the Shafrons had still not produced the documents by the time that they opposed the motion to dismiss, we cannot say that the trial court abused its discretion in granting the shareholders' motion to dismiss.
 {¶ 17} Additionally, we reject the Shafrons' claim that the trial court was required to hold a hearing prior to ruling on the shareholders' motion to dismiss for failure to prosecute. Neither Civ. R. 41 nor any case law require the court to hold a hearing. Instead, the plaintiff must be afforded notice and the opportunity to explain or correct the default. *Page 8 
 {¶ 18} As recognized by the Ohio Supreme Court in Quonset Hut, a trial court acts within its discretion in dismissing a case, without holding a hearing, when the plaintiff was on notice of the possibility of dismissal and given an opportunity to respond but still fails to comply with the outstanding discovery order. Quonset Hut, supra, at 49. Here, like the plaintiff in Quonset Hut, the Shafrons were given the opportunity to oppose the shareholders' motion to dismiss but still failed to comply with the discovery order at the time that they filed their brief in opposition. Accordingly, we find that the Shafrons were adequately notified of the potential for dismissal and that the trial court acted within its discretion in granting the shareholders' motion to dismiss.
 {¶ 19} The Shafrons' sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 9 
JAMES J. SWEENEY, A.J., and SEAN C. GALLAGHER, J., CONCUR
[1] Lawrence Shafron, Jon Thomas, and Kenneth Peterson each had one-third control of Erie. The Shafrons were also shareholders of the now defunct corporation. *Page 1