[Cite as *In re C.W.*, 2025-Ohio-1931.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| IN RE C.W. | : | |
| | | No. 114274 |
| A Minor Child | : | |
| | | |
| [Appeal by Mother, A.V.] | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** May 29, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. FA-20-106947

---

### *Appearances:*

Stafford Law Co., L.P.A., Kelley R. Tauring, and Nicole A. Cruz, *for appellant*, A.V.

ZASHIN LAW, LLC, and Kyleigh A. Weinfurtner, *for appellee*, A.W.

MICHAEL JOHN RYAN, J.:

{¶ 1} Appellant A.V. ("appellant"), mother of the subject minor child C.W., appeals from the juvenile court's July 17, 2025 judgment denying her Civ.R. 60(B) motion for relief from judgment. After a thorough review of the facts and pertinent law, we reverse and remand for the trial court to hold a hearing.

**Procedural and Factual History**

{¶ 2} C.W. was born in the summer of 2020. Appellee A.W. ("appellee") is the child's father. In August 2020, appellee filed an application to determine custody and a motion to establish child support for C.W. Appellee voluntarily dismissed his motion to establish child support, and in January 2022, appellant filed a motion to establish child support for C.W.

{¶ 3} The parties engaged in extensive litigation relative to parenting and custody issues and, when those issues were resolved, the juvenile court proceeded to address the child-support issue. The record demonstrates that three attorneys, all from the same law firm, were involved in representing appellant — lead counsel and two associate attorneys.

{¶ 4} An October 25, 2023 pretrial hearing with the parties' counsel was held before a magistrate of the court. After the hearing, the magistrate issued an order requiring the parties to exchange, by November 30, 2023, information relative to their 2022 income and their year-to-date income for 2023. The order further required appellant's counsel to submit a settlement proposal to appellee's counsel by December 31, 2023. As of the December 31 deadline, appellant had not submitted a settlement proposal and had not provided all of her income information.

{¶ 5} On February 14, 2024, the magistrate held a virtual attorney conference. Counsel for appellant did not appear at the scheduled time. Appellee's counsel called the associate attorney who was believed to be handling the matter; the associate attorney stated she was engaged in another matter. The other associate

attorney appeared approximately ten minutes late. Appellee's counsel made a motion to dismiss the matter for appellant's failure to prosecute. The failure to prosecute claim was based on counsel for appellant being tardy to the conference and appellant's failure to provide all her income information and a settlement proposal. The magistrate denied appellee's motion to dismiss and ordered appellant's counsel to submit the settlement proposal by February 16 and the income information by February 28.

{¶ 6} Further, at that February 14 conference, the magistrate reminded the parties that the matter was set for trial on July 10, 2024, and it informed them that it wanted to schedule a final attorney conference. Appellant's attorney stated that he needed to confirm the dates with the other associate attorney. The magistrate was displeased with that. In her order, dated February 15, 2024, the magistrate stated "that counsel should have calendars available at a hearing for scheduling purposes. It is unacceptable for the Court to wait for confirmation of the hearing date from the attorney handling the case who is not present at the hearing." The magistrate scheduled the final attorney conference for May 1, 2024. The magistrate's order provided that "[n]otices of hearing have been issued. This date was confirmed with counsel for the parties."

{¶ 7} On February 26, 2024, appellee filed a motion to show cause based on appellant's failure to provide her settlement proposal. The motion referenced, and attached as an exhibit, the magistrate's February 15 order.

{¶ 8} The May 1, 2024 attorney conference went forward as scheduled; counsel for appellant did not appear, however. Appellee made a motion to dismiss appellant's motion for child support on the ground of failure to prosecute. In a May 2, 2024 decision, the magistrate found appellee's motion well taken and dismissed appellant's motion for child support for failure to prosecute. In an entry dated May 20, 2024, the trial court affirmed, approved, and adopted the magistrate's May 2 decision.

{¶ 9} On June 27, 2024, appellant filed a Civ.R. 60(B) motion for relief from judgment, which appellee opposed. On July 17, 2024, the juvenile court denied appellant's motion for relief from judgment. On July 24, 2024, appellant filed two separate notices of appeal. The first one, 8th Dist. No. 114256, was an appeal from the trial court's May 20, 2024 judgment affirming, approving, and adopting the magistrate's decision to dismiss appellant's motion for child support. This court dismissed the appeal as untimely. *See* Motion No. 577274. Appellant filed a motion for reconsideration, which was denied. *See* Motion No. 577587.

{¶ 10} In the second appeal — the within case — appellant appeals from the trial court's July 17, 2024 judgment denying her motion for relief from judgment. She raises the following sole assignment of error for our review:

> The trial court erred as a matter of law and abused its discretion by denying the appellant's motion for relief from judgment after dismissing her motion to establish child support and failing to set the appellant's motion for an evidentiary hearing.

**Law and Analysis**

**{¶ 11}** Civ.R. 60(B) governs relief from a judgment or order and provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect . . . or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

**{¶ 12}** "To prevail on a Civ.R. 60(B) motion for relief from judgment, a movant must demonstrate (1) a meritorious claim or defense in the event relief is granted, (2) entitlement to relief under one of the provisions of Civ.R. 60(B)(1) through (5), and (3) timeliness of the motion." *State ex rel. Jackson v. Ohio Adult Parole Auth.*, 2014-Ohio-2353, ¶ 18, citing *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). "All three elements must be met for a Civ.R. 60(B) motion to be granted." *State ex rel. Richard v. Chambers-Smith*, 2019-Ohio-1962, ¶ 7, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988).

**{¶ 13}** We review the juvenile court's decision on a Civ.R. 60(B) motion under an abuse-of-discretion standard. *In re Z.L.*, 2022-Ohio-1234, ¶ 19 (8th Dist.). "A court exercising its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority" constitutes an abuse of discretion. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

**{¶ 14}** Appellee concedes that appellant demonstrated the first and third grounds for her motion for relief from judgment to be granted; that is, she has a

meritorious defense and her motion was timely made. Appellee contends that appellant failed to demonstrate the second prong for granting a motion for relief for judgment, that is, she was entitled to relief under one of the grounds set forth in Civ.R. 60(B)(1) through (5).

{¶ 15} Appellant moved for relief from under Civ.R. 60(B)(1) on the ground of excusable neglect. Appellant's counsel and appellant maintained that they never received notice of the May 1, 2024 conference, the May 2, 2024 magistrate's decision, or the May 20, 2024 judgment affirming, approving, and adopting the magistrate's decision. Further, appellant's lead counsel maintained that he would not have agreed to a May 1, 2024 date because he had, since October 2023 (well before February 2024 when the May 1 date was set), been committed to a matter in the domestic relations court. Lead counsel further maintained that he had not missed any hearings for this case and had appeared on time and prepared. Lead counsel, the two associate attorneys, and appellant averred to the respective above contentions in affidavits.

{¶ 16} In considering whether neglect is excusable under Civ.R. 60(B)(1), "a court must consider all of the surrounding facts and circumstances." *Maggiore v. Barensfeld*, 2012-Ohio-2909, ¶ 26 (5th Dist.), citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 21 (1988). It has been observed that excusable neglect "'is an elusive concept which has been difficult to define and to apply.'" *Natl. City Bank v. Calvey*, 2006-Ohio-3101, ¶ 8 (10th Dist.), quoting *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996).

{¶ 17} However, the Supreme Court of Ohio has determined that neglect is inexcusable when the movant's inaction "reveals a complete disregard for the judicial system and the rights of the appellee." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 153 (1976). It has also been held that "[u]nusual or special circumstances can justify neglect, but if the party could have controlled or guarded against the happening or event she [or he] later seeks to excuse, the neglect is not excusable." *Calvey* at *id.*, citing *Natl. City Bank v. Kessler*, 2003-Ohio-6938 (10th Dist.); *see also Covington v. P.I.E. Mut. Ins. Co.*, 2002-Ohio-4732, ¶ 24 (10th Dist.) (noting the facts and circumstances did not constitute excusable neglect where "[t]he matter was within [the appellant's] control and he failed to act reasonably to make sure that the act was performed").

{¶ 18} A party moving for relief from judgment under Civ.R. 60(B) is not automatically entitled to an evidentiary hearing. *PNC Bank, N.A. v. DePalma*, 2012-Ohio-2774, ¶ 12 (8th Dist.). The moving party bears the burden of proving entitlement to a hearing on the motion. *Esplandiu v. Esplandiu*, 2017-Ohio-5744, ¶ 13 (8th Dist.); *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 103-105 (8th Dist. 1974). "'If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion.'" *Coulson v. Coulson*, 5 Ohio St.3d 12, 16 (1983), quoting *Adomeit* at 105.

{¶ 19} Upon review of the record in this case, we find that the trial court abused its discretion when it failed to hold a hearing on the appellant's Civ.R. 60(B)

motion. As this court has stated, "'excusable neglect'" requires an "'equitable'" review that considers "'all relevant circumstances surrounding the party's omission.'" *Cleveland Mun. School Dist. v. Farson*, 2008-Ohio-912, ¶ 12 (8th Dist.), quoting *Pioneer Invest. Servs. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993). The court is to consider circumstances such as "'the danger of prejudice to the [movant], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Id.* at ¶ 12, quoting *Pioneer* at 395. In *Farson*, this court adopted the *Pioneer* standard, which has been acknowledged to set a more "forgiving" standard and should be given a broad reading. *Mendes v. Lowe's Home Ctrs.*, L.L.C., 2020-Ohio-1283, ¶ 12 (8th Dist.), citing *Graphic Communications Internatl. Union, Local 12-N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 5 (1st Cir. 2001).

{¶ 20} In the instant case, the record reflects that the appellant's attorneys have appeared for *every* attorney conference, hearing, and pretrial over a two-year period, missing only the May 1, 2024 attorney conference. Also, appellant averred that she did not receive notice of the May 1, 2024 attorney conference, the May 2, 2024 magistrate's decision, and the May 20, 2024 trial court's entry adopting the magistrate's decision. The court record corroborates the appellant's averments. A review of the docket reveals that at least four returns of service indicate a failure of service on the appellant — including the May 2, 2024 magistrate's decision, for which the docket indicates "Mail returned. Insufficient address." As we all know,

the United States Postal Service is far from reliable. Furthermore, appellant's counsel averred that they did not receive notice of the May 1, 2024 date, the May 2, 2024 magistrate's decision, or the May 20, 2024 trial court's decision adopting the magistrate's decision. Prudent or not, people often wait for the electronic notification to calendar their events. On this record, we find that appellant set forth sufficient evidence of excusable neglect to warrant a hearing on the matter.

{¶ 21} In a similar case, this court recently affirmed the trial court's decision to grant the plaintiff's motion for relief from judgment based on excusable neglect, when plaintiff failed to respond to a summary judgment motion. *Surf City Invest., LLC v. Lofti-Fard*, 2025-Ohio-1252 (8th Dist.). In *Surf City*, the trial court held a hearing on plaintiff's motion and found that, although the court's docket demonstrates that plaintiff's attorneys were notified through the electronic filing system, the notifications were routed to a paralegal who attested in her affidavit attached to the motion and testified that she did not "recall getting the notifications, or more importantly, passing them along to [the] attorneys." The trial court reasoned that "[a]bsent a history of errors or other 'disregard for the judicial system,'" plaintiff's inadvertent clerical error constituted excusable neglect. *Id.* at ¶ 26. On appeal, this court noted that the parties were actively involved in the case, attending pretrials, exchanging discovery, conducting depositions, and discussing settlement when the motion for summary judgment was filed and granted. *Id.* at ¶ 28. The court found that record supported the conclusion that Surf City did not

"deliberately" or "willingly" fail to answer the motion for summary judgment. *Id.* at ¶ 29.

{¶ 22} Likewise in *Mendes v. Lowe's Home Ctrs., L.L.C.*, 2020-Ohio-1283 (8th Dist.), this court affirmed the trial court's decision to grant plaintiff's motion for relief from judgment based on excusable neglect. In *Mendes*, the defendant filed a motion for summary judgment and the plaintiff failed to respond. After the trial court granted the unopposed motion, the plaintiff filed a motion for relief from judgment, admitting "the inadvertent clerical failure to calendar the response date and argued that the parties had been actively engaged in ongoing discovery and the pursuit of resolution of the case including preparation for the scheduled arbitration." *Id.* at ¶ 3. This court found that the record did not support the conclusion that Mendes "deliberately" or "willfully" failed to answer the motion for summary judgment, or that Mendes's counsel displayed "a disregard for the judicial system and the rights of the [defendant]." *Id.* at ¶ 15-16.

{¶ 23} On this record, we conclude that the juvenile court abused its discretion by not holding a hearing on appellant's motion to determine whether she was entitled to relief from judgment on the ground of excusable neglect.

{¶ 24} In addition to contending that appellant should be granted relief from the July 2024 judgment because of excusable neglect, appellant also contended under the catchall provision of Civ.R. 60(B)(5) that the trial court erred in denying appellant relief from judgment because it granted appellee's motion to dismiss without giving appellant notice as required by Civ.R. 41. Because we are reversing

the trial court's judgment and remanding the case to the trial court for a hearing on the issue of excusable neglect, we find appellant's contention under Civ.R. 60(B)(5) moot and decline to consider it. *See* App.R. 12(A)(1)(c).

{¶ 25} In conclusion, we find that appellant produced sufficient evidence of excusable neglect to warrant a hearing on her Civ.R. 60(B) motion. Thus, we find that the trial court abuse its discretion by denying appellant's Civ.R. 60(B) motion without affording her a hearing. Appellant's sole assignment of error is therefore well taken to that extent.

{¶ 26} Judgment reversed; case remanded for a hearing.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MICHAEL JOHN RYAN, JUDGE

ANITA LASTER MAYS, J., CONCURS;
MARY J. BOYLE, P.J., CONCURS (WITH SEPARATE OPINION)


MARY J. BOYLE, P.J., CONCURRING:

{¶ 27} I fully concur with the majority opinion but write separately to stress that before a trial court can dismiss a plaintiff's motion for failure to prosecute, the

record must reflect that the plaintiff had notice of the possibility of dismissal under Civ.R. 41(B)(1). *Shafron v. Erie Rd. Dev. Co.*, 2008-Ohio-3813, ¶ 14 (8th Dist.). The purpose of the notice is to provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice. *Id.*, citing *Logsdon v. Nichols*, 72 Ohio St.3d 124 (1995). A trial court errs in dismissing a plaintiff's case or motion for failure to prosecute when notice has not been given. *Id.*, citing *Asres v. Dalton*, 2006-Ohio-507, ¶ 14 (10th Dist.). Here, it appears that the trial court dismissed the appellant's motion at an *attorney conference*, without notice to appellant's counsel or appellant of the possibility of a dismissal, as required by Civ.R. 41(B). Indeed, "[i]t is 'a basic tenet of Ohio jurisprudence that cases should be decided on their merits.'" *Farson* at ¶ 15, quoting *Perotti v. Ferguson*, 7 Ohio St.3d 1, 3 (1983).