[Cite as *In re A.M.D.*, 2026-Ohio-1419.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| IN RE: | : | CASE NO. CA2025-10-090 |
| A.M.D., et al. | : | |
| | : | OPINION AND JUDGMENT ENTRY 4/20/2026 |
| | : | |
| | : | |
| | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case Nos. 23-D000066, 23-D000067, 23-D000068, 23-D000069

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee

Appellant, pro se.

_____

# **O P I N I O N**

**PIPER, J.**

{¶ 1}   Appellant, Mother, appeals the denial of her Civ.R. 60(B) motion for relief from judgment in the Warren County Court of Common Pleas, Juvenile Division. For the

reasons set forth below, we affirm.

### I. Factual and Procedural Background

{¶ 2} Appellant is the mother of A.M.D., A.S., and A.H., and is the legal custodian of E.W. (A.S., A.H., and E.W. are collectively referred to as the "Other Children"). On May 31, 2023, Warren County Children Services ("WCCS") filed a complaint in the Warren County Juvenile Court alleging that A.M.D. was an abused and dependent child and that the Other Children were dependent children. On the same date the complaint was filed, all four children were removed from mother's custody, and a shelter care hearing was held. The juvenile court ordered that all four children be placed in the temporary custody of their maternal grandmother, subject to the protective supervision of WCCS.

{¶ 3} An adjudicatory hearing on WCCS's complaint was conducted before a magistrate on September 1, 2023. Mother appeared at the hearing and was represented by counsel. Based on the parties' stipulation of facts and their agreement that those facts were sufficient to support adjudication as requested in the complaint, the magistrate adjudicated A.M.D. an abused and dependent child and adjudicated the Other Children dependent children, as set forth in the magistrate's decision issued on September 7, 2023.

{¶ 4} A dispositional hearing was held on October 11, 2023. Mother again appeared and was represented by counsel. In the magistrate's decision dated October 16, 2023, the magistrate ordered that all four children remain in the temporary custody of their maternal grandmother, subject to the protective supervision of WCCS. Mother did not file objections to either the September 7, 2023 adjudicatory decision or the October 16, 2023 dispositional decision.

{¶ 5} On April 17, 2024, the maternal grandmother filed a motion seeking legal custody of all four children. Attached to the motion was a notarized statement from mother

titled "Waiver and Consent," in which mother requested that the juvenile court grant legal custody of the children to the maternal grandmother. On April 26, 2024, WCCS filed a motion requesting that legal custody of A.M.D. be granted to her father, as well as a motion seeking an extension of temporary custody of the Other Children to the maternal grandmother, subject to WCCS's protective supervision. On October 28, 2024, WCCS filed a motion requesting a second extension of temporary custody to the maternal grandmother under protective supervision. On November 7, 2024, the juvenile court magistrate granted both motions to extend temporary custody of the four children to the maternal grandmother, subject to WCCS's protective supervision, and held the motions for legal custody in abeyance.

{¶ 6}　On December 5, 2024, mother filed a pro se motion to assert parental rights and a revocation of her consent to granting legal custody of the four children to maternal grandmother. The magistrate construed mother's filings as a Civ.R. 60(B) motion for relief from the September 7, 2023 judgment adjudicating A.M.D. abused and dependent and adjudicating the Other Children dependent and, pursuant to the magistrate's decision of December 16, 2024, denied it. Mother appealed the denial of her motions to this court. On September 22, 2025, we reversed and remanded with instruction that the juvenile court consider mother's revocation of her consent to maternal grandmother being granted legal custody of the four children. *In re: A.M.D., et al.*, Warren CA2025-01-002 (12th Dist. Sep. 22, 2025) (Accelerated Calendar Judgment Entry).

{¶ 7}　On August 18, 2025, mother filed a "Renewed motion for relief from judgment pursuant to Ohio Civil Rule 60(B)(5) and in response to prosecutor's August 14, 2025 motion for protective order and discovery response" ["Mother's 60(B) motion"]. By entry of September 3, 2025, the juvenile court denied Mother's 60(B) motion. Mother's motion was supported with her "Affidavit of Truth".

{¶ 8} Mother's motion asserted that she was entitled to relief from judgment because

> (1) she was not represented by counsel at critical stages of the proceedings, including the filing of the complaint, the shelter care hearing, and pre-trial proceedings;
>
> (2) counsel was ineffective in failing to request and obtain discovery as shown by the lack of discovery requests upon the juvenile court's docket;
>
> (3) the adjudications of the children were based upon stipulations relied upon by the juvenile court without having complied with its duty pursuant to Juv.R. 29(D) to ensure that mother was entering the stipulations voluntarily with an understanding of the nature of the allegations, the consequences of the stipulation, and its consequential waiver of mother's rights to challenge the witnesses and evidence against her, and to introduce evidence at the adjudicatory hearing (in addition to counsel's failure to advise her on those issues);
>
> (4) there was fraud based upon clothing vouchers issued by WCCS to maternal grandmother for the children which characterized them as "foster children" when they were in fact in a kinship placement and thus permitting WCCS to seek Title IV-E reimbursement to which it was not entitled;
>
> (5) the shelter care hearing was conducted only 13 minutes after the filing of the complaint, denying mother fair notice and an opportunity to prepare a defense; and
>
> (6) WCCS failed to prepare and offer her a safety plan for the Four Children prior to removing the Four Children from her custody.

{¶ 9} Mother's "Affidavit of Truth" averred that she first discovered: (1) the clothing vouchers characterizing the Four Children as "foster children" on July 15, 2023; (2) that she lacked counsel at critical stages of the proceeding upon her July 2025 review of the juvenile court's docket; and (3) that no safety plan had been developed or offered upon her July 2025 review of the case file. Mother also averred that her efforts to obtain discovery have been rebuffed by her former counsel and WCCS.

{¶ 10} Mother's 60(B) motion does not specify the judgment she seeks to have vacated. However, in the prayer for relief section of her motion, mother requests "dismissal of the proceedings in their entirety" or alternatively "vacatur of the adjudication and disposition orders and a new hearing."

{¶ 11} In an entry journalized September 3, 2025, the juvenile court denied Mother's 60(B) motion. The juvenile court noted that, "Mother has opted to proceed without counsel despite having been provided counsel and discharging the same. Having carefully considered Mother's arguments in light of her Affidavit of Truth, the court is unpersuaded."

{¶ 12} Mother now appeals, raising three assignments of error for our review.

## II. Legal Analysis

{¶ 13} Assignment of Error No. 1:

{¶ 14} THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE RENEWED MOTION FOR RELIEF FROM JUDGMENT WITHOUT CONDUCTING AN EVIDENTIARY HEARING, IN DIRECT VIOLATION OF THE MANDATORY PROCEDURAL REQUIREMENTS OF ADOMEIT V. BALTIMORE.

{¶ 15} Assignment of Error No. 2:

{¶ 16} THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THAT NEWLY DISCOVERED EVIDENCE OF WCCS'S MISREPRESENTATION OF THE CHILDREN'S LEGAL STATUS AND POTENTIAL TITLE IV-E FUNDING FRAUD DID NOT CONSTITUTE "FRAUD UPON THE COURT" UNDER OHIO CIVIL RULE 60(B)(5).

{¶ 17} Assignment of Error No. 3:

{¶ 18} THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING RELIEF FROM JUDGMENT DESPITE NEWLY DISCOVERED EVIDENCE DEMONSTRATING SYSTEMIC DEPRIVATION OF EFFECTIVE COUNSEL AND NON-COMPLIANCE WITH

MANDATORY PROCEDURAL SAFEGUARDS FOR STIPULATIONS UNDER OHIO JUVENILE RULE 29(D).

{¶ 19} In Mother's three assignments of error, she argues the trial court erred by denying her motion for relief from judgment without first conducting an evidentiary hearing, by not considering her purported newly discovered evidence to be "fraud upon the court," and by denying her motion when she claims she was deprived of effective counsel and certain procedural safeguards. Mother's arguments are without merit, and the trial court properly denied Mother's 60(B) motion without an evidentiary hearing.

{¶ 20} Civ.R. 60(B) provides:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise or excusable neglect;
> >
> > (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);
> >
> > (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
> >
> > (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> >
> > (5) any other reason justifying relief from the judgment.
>
> The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules.

**{¶ 21}** To prevail on a motion to set aside a judgment under Civ.R. 60(B), the moving party must establish all three of the following: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. *In re K.R.J.*, 2010-Ohio-3953, ¶ 39 (12th Dist.), citing *GTE Automatic Electric v. ARC Industries*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. "Failing to meet any one of these three factors is fatal, for all three must be satisfied in order to gain relief." *Bowman v. Leisz*, 2014-Ohio-4763, ¶ 16 (12th Dist.). "The decision to grant or deny a Civ.R. 60(B) motion lies within the trial court's discretion, and the decision will be reversed only for an abuse of discretion." *Hill v. Dorger*, 2024-Ohio-2305, ¶ 16 (12th Dist.).

**{¶ 22}** Civ.R. 60(B)(5) serves as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, and therefore provides authority for a trial court to grant a party relief from judgment for any other reason justifying relief not already set forth within Civ.R. 60(B)(1) to (4). *In re P.L.H.*, 2018-Ohio-3853, ¶ 23 (12th Dist.), citing *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 66 (1983). "Civ.R. 60[B][5] should not be used as a substitute for any of the other more specific provisions of Civ.R. 60[B]." *Myers v. Lawson*, 2013-Ohio-2500, ¶ 15 (12th Dist.). Civ.R. 60(B)(5) is left for matters of extraordinary and unusual nature where the interest of justice so calls for it; the grounds for invoking relief must be substantial. *U.S. Bank, N.A. v. Muma*, 2021-Ohio-629, ¶ 20 (12th Dist.); *Lebanon Auto Parts v. Dracakis*, 2000 Ohio App. LEXIS 1781, *10 (12th Dist. Apr. 17, 2000).

**{¶ 23}** Consequently, Civ.R. 60(B)(5) relief is to be granted only in unusual or extraordinary circumstances and will not operate to relieve a party that ignores its duty to

take legal steps to protect its interest. *Robinson v. Miller Hamilton Venture, L.L.C.*, 2011-Ohio-3017, ¶ 17 (12th Dist.). The Ohio Supreme Court has stated that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal, and the doctrine of res judicata applies to such motions. *U.S. Bank, N.A. v. Chibinda*, 2025-Ohio-1212, ¶ 18 (12th Dist.).

{¶ 24} In her first assignment of error, Mother argues the trial court erred by not granting her an evidentiary hearing before denying her 60(B) motion.

{¶ 25} A party moving for relief from judgment under Civ.R. 60(B) is not automatically entitled to an evidentiary hearing and bears the burden of proving entitlement to a hearing. *In re C.W.*, 2025-Ohio-1931, ¶ 18 (8th Dist.). "If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion." *Id.*, quoting *Coulson v. Coulson*, 5 Ohio St.3d 12, 16 (1983). The corollary to this is that a movant is not entitled to a hearing on a motion for relief from judgment when the motion does not allege operative facts that would entitle the movant to relief from judgment. *See Steve Robertson Trucking, LLC v. Todd*, 2024-Ohio-1634, ¶ 16 (12th Dist.).

{¶ 26} Here, Mother attached to her motion her own self-serving affidavit and several letters from WCCS to maternal grandmother, presenting grandmother with clothing vouchers for the children. On appeal, the only "operative facts" she refers to in her brief are that the clothing vouchers listed the children as "foster children" when they were not.

{¶ 27} If a party fails to identify the error in the record upon which the assignment of error is based or fails to argue the assignment separately in the brief, as required by App.R. 16(A), an appellate court may disregard that assignment of error. App.R. 12(A)(2). An appellant bears the burden of affirmatively demonstrating error on appeal and

substantiating her arguments in support. *Ostigny v. Brubaker*, 2024-Ohio-384, ¶ 38 (12th Dist.). It is not an appellate court's duty to "root out" or develop an argument that can support an assigned error, even if one exists. *Lebanon v. Ballinger*, 2015-Ohio-3522, ¶ 27 (12th Dist.). Nor is it the duty of an appellate court to search the record for evidence to support an appellant's argument as to alleged error. *Hellmuth v. Stephens*, 2023-Ohio-4592, ¶ 23 (12th Dist.).

{¶ 28} Because Mother only raises arguments as to the trial court's consideration of the clothing vouchers, this court restricts its review to whether the vouchers' classification of the children as "foster children" constitutes an operative fact entitling her to an evidentiary hearing. We find that it does not.

{¶ 29} We find that the vouchers played no role in the juvenile court's rulings in this case. They were not issued by the juvenile court, but rather by the children services agency and there is nothing in the record to suggest that the juvenile court was even aware of the vouchers. What the juvenile court was aware of, however, is that the children were placed with the maternal grandmother in a kinship placement. That status had no bearing on whether the children were determined to be abused and/or dependent. As such, the erroneous clothing voucher classification is not an operative fact and does not entitle mother to an evidentiary hearing. Similarly, as to Mother's second assignment of error, we find this misclassification does not constitute a fraud upon the court, but merely an inconsequential error in the process of issuing clothing vouchers.

{¶ 30} In her third assignment of error, Mother argues the trial court improperly denied relief from judgment despite evidence (1) that she was not represented by counsel at critical stages of the proceedings, (2) that counsel failed to render effective assistance by failing to request discovery, (3) that the trial court failed to comply with Juv.R. 29(D) at the shelter care hearing, and (4) that WCCS failed to offer and implement a safety care

plan. We find each of these arguments to be without merit or barred by res judicata.

{¶ 31} As the juvenile court recognized in its September 3, 2025 entry, Mother was appointed counsel but dismissed them and opted to proceed pro se. Mother's appellant's brief even indicates that she knew when she was represented by counsel and when she was not.

{¶ 32} Mother next claims her counsel was ineffective for failing to request discovery, evidenced by the absence of discovery requests listed on the juvenile court's docket. But discovery requests and responses are not filed with courts. Therefore, the docket not reflecting discovery requests is not indicative that counsel failed to request and obtain discovery. Therefore, Mother failed to set forth sufficient operative facts to establish her counsel failed to request discovery.

{¶ 33} Mother's next claims are barred by res judicata. She argues that the juvenile court's adjudications of the children were based upon stipulations made without the court providing her the proper advisements pursuant to Juv.R. 29(D). Even assuming this rule applies, this argument could have been raised on direct appeal. The same can be said for mother's claim that she was not provided proper notice of the shelter care hearing. The shelter care order was interlocutory and subsequently rendered moot by the disposition of the case. Mother never sought a rehearing on the shelter care order pursuant to Juv.R. 7(G)(1). Therefore, this matter is also res judicata.

{¶ 34} Mother's claim that WCCS failed to offer her and implement a safety plan is also an argument that could have been raised on direct appeal. However, the adjudication stipulates that mother was offered a safety plan with the children to remain with the maternal grandmother, a fact that mother disagrees with. Regardless, this claim is also barred by res judicata.

{¶ 35} Accordingly, the trial court properly denied relief from judgment. Mother

failed to satisfy the three requirements for relief from judgment. *GTE Automatic Electric*, 47 Ohio St.2d 146. She does not assert that she has a "meritorious claim or defense" should relief be granted because she does not argue that the children would be adjudicated differently. Further, she does not present any credible, operative facts that would support a different outcome. Second, she is not entitled to relief under Civ.R. 60(B), as all the reasons she asserts for relief from judgment fall under Civ.R. 60(B)(1)-(3) and are therefore time-barred and mother cannot use Civ.R. 60(B)(5) to circumvent this requirement. And third, even if mother's arguments did properly fall under Civ.R. 60(B)(5), they were not brought within a reasonable time because mother was aware or should have been aware of the basis for each of her arguments well before she filed her motion in August 2025. Finally, several of mother's claims are barred by res judicata and could have been raised on direct appeal.

{¶ 36} Appellant's three assignments of error are overruled.

### III. Conclusion

{¶ 37} We find the trial court did not err in denying Mother's motion for relief from judgment without conducting an evidentiary hearing.

{¶ 38} Judgment affirmed.

BYRNE, P.J., and M. POWELL, J., concur.

- 12 -

## JUDGMENT ENTRY

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Warren County Court of Common Pleas, Juvenile Division, for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.


*/s/ Matthew R. Byrne, Presiding Judge*


*/s/ Robin N. Piper, Judge*


*/s/ Mike Powell, Judge*