[Cite as *Carrington Mtge. Servs., L.L.C. v. Aboytes*, 2026-Ohio-1765.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CARRINGTON MORTGAGE
SERVICES, LLC,                                    :

      Plaintiff-Appellee,                        :
                                                                              No. 115174
      v.                                                      :

CRISTIAN ABOYTES, ET AL.,               :

      Defendants-Appellants.                  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 14, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
CV-24-994394

---

### *Appearances:*

Doucet Co., LPA and Rachel K. Robinson*, for appellant.*

LOGS Legal Group LLP and Tamara Gurchik, *for appellee.*

ANITA LASTER MAYS, J.:

## I. INTRODUCTION

{¶ 1} Defendant-appellant Cristian Aboytes ("Aboytes") appeals the April 28, 2025 judgment entry of the Cuyahoga County Court of Common Pleas

adopting a magistrate's decision that denied his motion for relief from judgment pursuant to Civ.R. 60(B). For the reasons that follow, we affirm the judgment of the trial court.

## II. BACKGROUND

### A. Origination of the Loan and Default

{¶ 2} On May 19, 2020, Aboytes executed a promissory note with Liberty Home Mortgage Corporation in the amount of $125,288, secured by a mortgage on the real property located at 240 E. 264th Street, Euclid, Ohio 44132 (the "property").[1] The promissory note included an allonge endorsed in blank. The mortgage was executed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for Liberty Home Mortgage Corporation.

{¶ 3} On April 1, 2022, Aboytes entered into a loan modification agreement, that increased the outstanding principal balance to $136,496.37. The modified loan reflected the adjusted terms going forward.

{¶ 4} The mortgage was assigned from MERS to Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage Loan Trust F, on March 31, 2023, and subsequently assigned to plaintiff-appellee Carrington Mortgage Services, LLC ("Carrington") on February 21, 2024.

---

[1] Two minor factual discrepancies appear in Aboytes's brief. First, Aboytes's brief states the original principal balance of the promissory note as $126,288; the correct amount, as reflected in Complaint Exhibit A and appellee's brief, is $125,288. Second, Aboytes's brief states that Aboytes "fell behind in payments as of November 2023." The record reflects that the first missed payment was for October 2023, with the November 2023 payment applied retroactively to that balance. *See* Complaint ¶ 3. Neither discrepancy affects the outcome of this appeal.

{¶ 5} Aboytes failed to make his October 2023 monthly payment on the loan.[2] He made a payment in November 2023, that was applied to the October 2023 balance, but he did not resume regular payments thereafter. Carrington attempted numerous times to contact Aboytes regarding the delinquency and sent Aboytes a notice of intent to foreclose on December 7, 2023.

## B. Foreclosure Proceedings and Default Judgment

{¶ 6} Carrington filed its complaint in foreclosure in the Cuyahoga County Court of Common Pleas on March 14, 2024. On March 15, 2024, a special process server served the summons and complaint upon Maricela Aboytes at the property, and a proof of service return was filed with the clerk of courts.

{¶ 7} Aboytes did not file an answer or otherwise appear in the action. On May 6, 2024, Carrington filed a motion for default judgment. A notice of default hearing was filed and mailed on May 7, 2024. The hearing on the motion for default judgment was conducted on July 16, 2024. On July 18, 2024, the magistrate issued a decision granting default judgment against Aboytes. The trial court adopted the magistrate's decision by final judgment entry on August 14, 2024.

{¶ 8} On August 19, 2024, Carrington filed a praecipe for order of sale. A sheriff's sale was initially noticed for September 30, 2024, and was ultimately conducted on October 3, 2024; at that time Carrington purchased the property. The trial court entered a judgment entry confirming the sheriff's sale on October 30, 2024. Carrington's counsel thereafter prepared the sheriff's deed, which was

---

[2] *See* fn. 1, ante.

executed by the Cuyahoga County Sheriff's Office on December 10, 2024, and recorded with the Cuyahoga County Fiscal Office on December 17, 2024.

## C. Post-Judgment Proceedings: Motion for Relief from Judgment

{¶ 9} On December 27, 2024, ten days after recordation of the sheriff's deed, Aboytes filed a motion for relief from judgment and a motion to stay proceedings. The motion for relief from judgment asserted grounds under Civ.R. 60(B)(1), (4), and (5). Under Civ.R. 60(B)(1), Aboytes contended that Carrington failed to satisfy conditions precedent, failed to mitigate its damages, improperly prevented performance, and acted with unclean hands. Under Civ.R. 60(B)(4), he argued the judgment had become inequitable, and under Civ.R. 60(B)(5), he invoked the catchall provision, for any other reasons justifying relief from judgment. Carrington did not initially receive service of Aboytes's motions and filed a motion for leave to respond on January 28, 2025, that the trial court granted, extending Carrington's deadline to February 12, 2025.

{¶ 10} On January 29, 2025, Aboytes filed a motion for temporary restraining order and preliminary injunction to prevent the property from being transferred to a bona fide purchaser. The trial court granted the temporary restraining order and set a hearing on the preliminary injunction for February 19, 2025.

{¶ 11} Carrington filed its memorandum in opposition to the motion for relief from judgment on February 13, 2025. At the February 19, 2025 hearing, the parties stipulated to and the trial court entered a preliminary injunction prohibiting

Carrington from selling the property pending full litigation of the motion for relief from judgment. Carrington filed a supplemental response on February 26, 2025. Aboytes filed his reply in support on March 3, 2025.

{¶ 12} Aboytes's motion for relief came before the magistrate for an evidentiary hearing on April 7, 2025. At that hearing, Aboytes testified that he did not receive service of the complaint and did not become aware that a foreclosure lawsuit had been filed until September 2024, when he discovered the property was being scheduled for sale. After learning this, he contacted Carrington. Aboytes testified that Carrington directed him to contact the company handling the foreclosure sale, and he was sent back and forth between the two entities. Unable to resolve the issue through those contacts, he ultimately obtained counsel for assistance.

{¶ 13} Aboytes further testified that he did not recall receiving notice or service of process from a special process server in March 2024, and that he did not receive any written notices or emails from Carrington prior to learning of the foreclosure judgment. (Tr. 10). The magistrate noted in its decision that despite denying receipt of the notice of default, Aboytes acknowledged receiving approximately two calls per day from Carrington and admitted he never returned those calls. The record further reflects that Carrington transmitted a written notice of intent to foreclose to Aboytes on December 7, 2023, notifying him of the loan's default, a communication Aboytes denied receiving at the hearing. Taken together with his acknowledgment of the daily phone calls, the magistrate rejected Aboytes's

claim that he lacked knowledge of the delinquency.

{¶ 14} On April 9, 2025, the magistrate issued a decision denying Aboytes's motion for relief from judgment. The magistrate found that Aboytes had not established excusable neglect under Civ.R. 60(B)(1), that Civ.R. 60(B)(4) was inapplicable, and that Civ.R. 60(B)(5) provided no basis for relief. Neither party filed objections to the magistrate's decision pursuant to Civ.R. 53(D)(3)(b)(i).

{¶ 15} On April 28, 2025, the trial court entered its judgment entry adopting the magistrate's decision denying the motion for relief from judgment and dissolving the preliminary injunction. Aboytes timely filed his notice of appeal raising one assignment of error.

### III. ASSIGNMENT OF ERROR

> The Trial Court erred in adopting the Magistrate's decision regarding Defendant's Motion for Relief from Judgment because Appellant-Defendant Cristian Aboytes was entitled to relief under Civ.R. 60(B)(1) or (5).

### IV. LAW AND ANALYSIS

### A. Waiver and Standard of Review

{¶ 16} As a preliminary matter, we must determine whether Aboytes preserved the issues raised in this appeal. Civ.R. 53(D)(3)(b)(i) requires a party to file written objections to a magistrate's decision within 14 days of its filing. *Roefer v. Riley*, 2025-Ohio-272, ¶ 13 (8th Dist.). Failure to timely object waives the right to assign as error on appeal the trial court's adoption of any factual finding or legal conclusion contained in the magistrate's decision. Civ.R. 53(D)(3)(b)(iv). The magistrate issued the decision denying Aboytes's motion for relief from judgment

on April 9, 2025.

{¶ 17} Ordinarily, a trial court's ruling on a Civ.R. 60(B) motion is reviewed for an abuse of discretion. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). However, where a party fails to object to a magistrate's decision, appellate review is limited to plain error. *Citizens Bank, N.A. v. Conway*, 2018-Ohio-2229, ¶ 15 (8th Dist.).

{¶ 18} The record reflects that neither party filed objections within the 14-day period. Because Aboytes failed to object to the magistrate's findings or conclusions, he has waived all but plain error. *See* Civ.R. 53(D)(3)(b)(iv).

{¶ 19} Plain error in civil cases exists only where the error is clearly apparent on the face of the record, prejudicial to the appellant, and so fundamental that it constitutes a manifest miscarriage of justice. *Macintosh Farms Community Assn., Inc. v. Baker*, 2015-Ohio-5263, ¶ 8 (8th Dist.). The doctrine is applied only in extremely rare cases involving exceptional circumstances that seriously affect the basic fairness, integrity, or public reputation of the judicial process. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997).

{¶ 20} We do not find that the circumstances in this case warrant a finding of plain error. Accordingly, we find no plain error.

**B. Civ.R. 60(B)(1) Excusable Neglect**

{¶ 21} To obtain relief from judgment under Civ.R. 60(B), a movant must demonstrate: (1) a meritorious defense or claim to present if relief is granted; (2)

entitlement to relief under one of the grounds enumerated in Civ.R. 60(B)(1) through (5); and (3) that the motion was made within a reasonable time, and where the ground of relief is Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order, or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Indus., Inc.,* 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

{¶ 22} The movant must satisfy all three prongs of the *GTE* test, and failure to establish any one of the elements is fatal to the motion. Here, Aboytes failed to present a meritorious defense. In his motion for relief from judgment, Aboytes asserted, in conclusory terms, that Carrington failed to satisfy conditions precedent, failed to mitigate its damages, improperly prevented performance, and acted with unclean hands. At the evidentiary hearing, Aboytes presented no evidence in support of these assertions beyond his own testimony regarding lack of service. A meritorious defense requires more than a bare allegation; the movant must set forth operative facts that, if true, would constitute a defense to the action. *Kay v. Marc Glassman, Inc.,* 76 Ohio St.3d 18, 20 (1996). Aboytes's unsupported assertions do not satisfy this standard. His failure to establish a meritorious defense provides an independent basis for denying relief under Civ.R. 60(B)(1), and we find no plain error in the magistrate's determination to that effect.

{¶ 23} Civ.R. 60(B)(1) authorizes relief for excusable neglect. The concept of "excusable neglect" is difficult to define and must be determined on a case-by-case basis. *In re C.W.*, 2025-Ohio-1931, ¶ 16 (8th Dist.). Neglect is not excusable when the movant's conduct demonstrates a complete disregard for the judicial system.

*Id.* at ¶ 17. A trial court properly denies a Civ.R. 60(B)(1) motion where the neglectful party has shown an intentional disregard for the legal process, coupled with a lack of good faith. *Id.* at ¶ 19. Courts are instructed to consider all of the facts and circumstances in the case in determining whether a defendant exhibited a disregard for the judicial process. *Griffey v. Rajan*, 33 Ohio St.3d 75, 80 (1987).

{¶ 24} Aboytes argued in the trial court below that his failure to respond to the complaint was excusable because he never received it. The magistrate rejected this argument and found no excusable neglect. The record supports that finding. The return of service filed with the clerk reflects service upon Maricela Aboytes at the property on March 15, 2024. A process server filed a return of service on March 27, 2024. While Aboytes denied receiving service, the magistrate, who had the opportunity to observe Aboytes's testimony firsthand, was not persuaded. Moreover, Aboytes acknowledged receiving approximately two phone calls per day from Carrington prior to the default judgment, yet he never returned those calls.

{¶ 25} Furthermore, to the extent Aboytes now grounds his Civ.R. 60(B)(1) argument in alleged defective service of process, that argument is procedurally barred. Insufficiency of service of process is a defense that is waived if not raised in the trial court. Civ.R. 12(H). Aboytes did not raise the failure of service as a ground in his motion for relief from judgment, and a party may not raise new issues for the first time on appeal. *Miller v. Cardinal Care Mgmt.*, 2019-Ohio-2826, ¶ 23 (8th Dist.). The trial court did not abuse its discretion in denying relief under

Civ.R. 60(B)(1).[3]

## C. Civ.R. 60(B)(5) Catchall Provision and Void Judgment

{¶ 26} Civ.R. 60(B)(5) provides that a court may relieve a party from a final judgment for "any other reason justifying relief from the judgment." It is intended as a catchall provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment. *Caruso-Ciresi, Inc. v. Lohman,* 5 Ohio St.3d 64, 66 (1983). Civ.R. 60(B)(5) is not to be used as a substitute for any of the more specific provisions of Civ.R. 60(B)(1)-(4) and requires a showing of "substantial grounds" warranting relief. *Id.*

{¶ 27} On appeal, Aboytes advances a theory under Civ.R. 60(B)(5) that he did not raise in the trial court: because he was never served, the trial court lacked personal jurisdiction, rendering the default judgment *void ab initio*. He argues that a void judgment may be vacated under Civ.R. 60(B)(5) without satisfying the full three-part *GTE* test, citing *Green v. Huntley*, 2010-Ohio-1024, ¶ 11 (10th Dist.). He further relies on *Maryhew v. Yova,* 11 Ohio St.3d 154 (1984), and *LaNeve v. Atlas Recycling, Inc.,* 2008-Ohio-3921, for the proposition that failure to perfect service deprives the court of personal jurisdiction.

{¶ 28} This argument fails procedurally. Aboytes did not assert lack of personal jurisdiction based on failure of service in his motion for relief from

---

[3] Although Aboytes sought relief from judgment in the trial court pursuant to Civ.R. 60(B)(1), (4), and (5), the assignments of error presented in this appeal challenge only the denial of relief under Civ.R. 60(B)(1) and (5). Accordingly, any argument regarding Civ.R. 60(B)(4) is not before this court.

judgment or his reply brief in the trial court. Rather, his Civ.R. 60(B)(5) argument was premised on alleged conditions precedent, mitigation, and the general catchall equitable ground. The personal-jurisdiction theory is a new issue raised for the first time on appeal. We will not consider it. *Miller*, 2019-Ohio-2826, at ¶ 23 (8th Dist.).

{¶ 29} Even setting aside the waiver, the record does not support the theory. The proof of service on file reflects that the summons and complaint were served at the property on March 15, 2024. The trial court reviewed this evidence and found Aboytes's denial of service was not credible in light of his acknowledgment of repeated calls from Carrington. The trial court found no substantial grounds for relief under Civ.R. 60(B)(5), which was within its discretion. Accordingly, we find no plain error.

## V. CONCLUSION

{¶ 30} Aboytes failed to file timely objections to the magistrate's decision pursuant to Civ.R. 53(D)(3)(b)(i), waiving any challenge based on the trial court's findings of fact and conclusions of law. Reviewed for plain error, the trial court did not err in adopting the magistrate's decision denying Aboytes's motion for relief from judgment. The record supports the trial court's determination that Aboytes failed to demonstrate excusable neglect under Civ.R. 60(B)(1) and failed to establish substantial grounds for relief under Civ.R. 60(B)(5). The personal-jurisdiction argument raised for the first time on appeal is waived and unsupported by the record. Aboytes's assignment of error is overruled.

**{¶ 31}** The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR